KIM A. SMITH, an Infant, by CLAUDE J. SMITH, et al., Respondents, v LEFRAK ORGANIZATION, INC., et al., Appellants. — In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Nassau County (Becker, J.), entered August 22, 1982, which denied their motion for summary judgment dismissing plaintiffs' complaint for failure to comply with a conditional order of preclusion, dated February 24, 1982. Order reversed, on the law, with costs, and defendants' motion for summary judgment granted. Defendants demanded a bill of particulars. When plaintiffs did not respond to their demand, defendants moved for an order of preclusion, which Special Term granted conditionally, by order dated February 24, 1982. The order was to take effect unless plaintiffs served the bill of particulars within 30 days after service of a copy of the order upon the attorney for the plaintiffs. On March 1, 1982 a copy of the order with notice of entry was served upon plaintiffs' attorney by mail. On June 8, 1982 plaintiffs served their bill of particulars, in excess of two months after the expiration of the period in which to comply with the condition specified in the order of preclusion. Defendants returned plaintiffs' bill of particulars as untimely and, thereafter, moved for summary judgment, dismissing the complaint on the ground that plaintiffs were precluded from proving their case. Special Term

denied the motion, holding that plaintiffs' bill was timely served because defendants had failed to establish service of the February 24, 1982 order. However, defendants included among their supporting papers an affidavit of service by mail. Service of the order is deemed complete upon mailing, regardless of whether or not the party for whom it is intended receives it (see *Barton v La Pointe,* 67 AD2d 760). The preclusion order had therefore taken effect and plaintiffs were bound to demonstrate an excusable default and the existence of a meritorious claim (see *Ferrigno v St. Charles Hosp.,* 86 AD2d 594; *Harris v Brooklyn Hosp. at Brooklyn Cumberland Med. Center,* 81 AD2d 658). Neither a reasonable excuse nor meritorious claim was proffered. Accordingly, defendants' motion for summary judgment should have been granted. Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.