■ ESTHER K. FIORE et al., Respondents, v DOMINADOR GALANG et al., Defendants, and BENEDICTINE HOSPITAL, Appellant. — Appeal from an order of the Supreme Court at Special Term (Connor, J.), entered May 15, 1984 in Ulster County, which conditionally denied defendant Benedictine Hospital's cross motion for summary judgment dismissing the complaint.

Plaintiffs brought this medical malpractice action against defendants physicians and Benedictine Hospital in September, 1982. On October 25, 1982, defendant hospital (hereafter referred to as defendant) served its answer and demand for a bill of particulars. On January 21, 1983, Special Term granted a 30-day conditional order of preclusion, directing plaintiffs, *inter alia,* to serve a bill of particulars on defendant. Following plaintiffs' failure to comply with this order, defendant moved, on February 29, 1984, for summary judgment. Special Term denied this motion on condition that plaintiffs supply their bill of particulars and remit $415 to defendant's attorneys. This appeal by defendant ensued.

Plaintiffs allege that their failure to respond to Special Term's preclusion order was occasioned by law office failure, i.e., the order was never properly filed by a member of their staff. They conclude that Special Term correctly exercised the discretion

vested in it by CPLR 2005 when it conditionally excused the default. We disagree.

While courts now have the discretion to consider law office failure as an excuse for a default (CPLR 2005, as added by L 1983, ch 318, § 1, eff June 21, 1983), the Court of Appeals has held that the defaulting party is still required to supply not only a reasonable excuse for the delay, but also an affidavit of merits from a person competent to attest to the meritorious nature of the claim (*Fidelity & Deposit Co. v Andersen & Co.*, 60 NY2d 693, 695). In the context of a medical malpractice action such as the instant matter, the affidavit must be from a physician able to attest to the merits of the claim (*Smith v Lefrak Organization*, 60 NY2d 828, 830). This requirement fully applies to a default in the timely service of a bill of particulars pursuant to a conditional order of preclusion (*Amodeo v Radler*, 59 NY2d 1001, 1002; *Bustamonte v Koval*, 98 AD2d 739).

Plaintiffs herein failed to establish the legal merits of their claim by the submission of such an affidavit. Accordingly, defendant's cross motion for summary judgment should have been granted. There is no need for consideration of the effect of CPLR 2005 on this matter (see *Smith v Lefrak Organization, supra*, p 830).

Order reversed, on the law, without costs, cross motion granted and the complaint against defendant Benedictine Hospital is dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.