■ AIDA DAPONTE et al., Respondents, v ARTHUR H. WEBER, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated August 26, 1986, which denied his motion pursuant to CPLR 3012 to dismiss the action by reason of the plaintiffs' failure to comply with the defendant's demand for a complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the action is dismissed.

The plaintiffs were required to provide an affidavit of merit by a person competent to attest to the meritorious nature of the claim. In a medical malpractice action, expert medical opinion evidence is required to demonstrate merit (see, *Fiore v Galang,* 105 AD2d 970, *affd* 64 NY2d 999; *Amodeo v Radler,* 89 AD2d 594, *affd* 59 NY2d 1001; *Saeed v Boulevard Hosp.,* 109 AD2d 831). While the plaintiffs did provide an affidavit by

a physician, the affidavit did not indicate, in any way, that the defendant departed from accepted medical standards or that any such departure was a proximate cause of any injuries to the injured plaintiff. Absent even the bland statement of opinion by a medical expert that the treatment rendered had been below acceptable standards and caused the plaintiff's injuries required by the Court of Appeals in *Canter v Mulnick* (60 NY2d 689, 690), the affidavit was inadequate to demonstrate the meritorious nature of the plaintiffs' claims *(see, Amsler v Verrilli,* 119 AD2d 786). The defendant's motion to dismiss the action pursuant to CPLR 3012 should, therefore, be granted. Niehoff, J. P., Eiber, Kunzeman and Harwood, JJ., concur.