■ REGINA POMERANTZ, Respondent, v LONG ISLAND PANELING Co., Appellant.—In a negligence action to recover damages for personal injuries, the defendant (1) appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated August 21, 1987, as made the granting of its motion for summary judgment contingent · upon the plaintiff's failure, *inter alia,* to serve a response to the defendant's outstanding demand for a bill of particulars within 30 days of the date of the order and (2) purportedly appeals from so much of an order of the same court, dated February 11, 1988, as, upon renewal, granted the motion for summary judgment contingent upon the plaintiff's failure to serve a bill of particulars within 20 days after the date of service of a copy of the order.

Ordered that the purported appeal from the order dated February 11, 1988, is dismissed, without costs or disbursements, for failure to serve and file a notice of appeal from that order; and it is further,

Ordered that the order dated August 21, 1987, is reversed insofar as appealed from, on the law, without costs or disbursements, the defendant's motion for summary judgment is granted unconditionally, and the complaint is dismissed.

Although law office failure may justify a default, the defaulting party is still required to supply an affidavit of merits from a person competent to attest to the meritorious nature of the claim *(Fiore v Galang,* 64 NY2d 999, *affg* 105 AD2d 970). This requirement fully applies to a default in the timely service of a bill of particulars pursuant to a conditional order of preclusion *(Fiore v Galang,* 105 AD2d 970, *supra).* Since the plaintiff failed to establish the legal merits of her claim, the defendant's motion for summary judgment should have been granted unconditionally. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.