■ DAVID A. GOLDSTEIN, Appellant, v IVO JANECKA et al., Defendants, and CHERYL JANECKA, Respondent.—Order, Supreme Court, New York County (Francis Pecora, J.), entered April 11, 1990, which, *inter alia,* granted defendant-respondent's motion for an order extending her time to serve a bill of particulars and appear for examination before trial, and which denied plaintiff's cross-motion for various relief, including dismissal of defendant-respondent's counterclaim and enforcement of a conditional grant of summary judgment awarded to plaintiff by order of said court entered December 22, 1989, is unanimously reversed, on the law, the facts and in

the exercise of discretion, defendant-respondent's motion is denied, plaintiff's cross-motion is granted, and the causes of action against defendant-respondent are severed and an inquest ordered to determine damages, with costs.

Plaintiff, David A. Goldstein, is an attorney who commenced this action *pro se* in July 1988 to recover legal fees arising from his prior representation of defendants. Defendant-respondent, Cheryl Janecka ("respondent"), served a *pro se* amended answer and counterclaimed for alleged legal malpractice.

Thereafter, respondent failed to appear for two noticed depositions and, further, failed to serve a verified bill of particulars in response to plaintiff's demand. By notice of motion dated February 14, 1989, plaintiff moved for a conditional order of preclusion against respondent. Respondent defaulted on the motion and, by order entered April 12, 1989, plaintiff's motion was granted on default *unless* respondent served a bill of particulars within 60 days and appeared for an examination before trial on a date specified. Respondent neither served a bill of particulars nor appeared for the deposition.

By notice of motion dated July 28, 1989, plaintiff next moved for enforcement of the April 12, 1989 conditional order of preclusion and for summary judgment against respondent. The IAS part granted this motion by order entered December 22, 1989, *unless* respondent served the bill of particulars within 45 days and appeared for a deposition on February 22, 1990. Once again, respondent failed to comply with the conditions contained in the order of the IAS part, even failing to file her bill of particulars when given an additional four days.

On February 21, 1990, one day before the re-scheduled deposition, plaintiff's counsel was contacted by an attorney who stated that he had been retained to represent defendants and that he had moved by order to show cause to extend respondent's time to comply with the terms of the IAS part's order. Respondent's attorney further stated that his client would not appear for the deposition scheduled for the following day.

By cross-motion filed February 23, 1990, plaintiff sought compliance with the April 12, 1989 and December 22, 1989 orders of the IAS part, which conditionally granted preclusion against respondent and awarded him summary judgment. He now appeals the denial of his cross-motion and the issuance of a third conditional order granting respondent additional time in which to serve a bill of particulars and appear for deposition. We reverse.

While cognizant of the fact that we do not deal here with the vacatur of a default judgment, we nevertheless observe that respondent has failed to provide a reasonable excuse for her continuing default in complying with the IAS part's orders, and that she has made no showing of merit in support of the relief sought. *(See, Eisenstein v Rose,* 135 AD2d 369.) Given that plaintiff's motions were granted unless respondent met certain conditions, which she has twice failed to do, we deem it to have been an improvident exercise of discretion for the IAS part to have relieved her of her default in the absence of such a showing. *(See, Matter of Jones,* 128 AD2d 403.) Moreover, our reading of this record leads us to conclude that respondent's conduct in ignoring plaintiff's discovery demands, followed by her default in complying with the terms of two conditional orders of preclusion, was willful and calculated to be dilatory, evasive, and obstructive. *(See, Sony Corp. v Savemart, Inc.,* 59 AD2d 676.) Concur—Sullivan, J. P., Rosenberger, Wallach, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD WYCHE, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered on or about July 12, 1988, unanimously affirmed.