■ LEROY GIBSON, JR., Respondent, v VICTORY MEMORIAL HOSPITAL, Appellant, et al., Defendants. [633 NYS2d 398] —In an action to recover damages for medical malpractice, the defendant Victory Memorial Hospital appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated April 26, 1994, as denied its motion to dismiss the action pursuant to CPLR 3012 (b) and granted the plaintiff leave to serve a late complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the appellant's motion to dismiss the action pursuant to CPLR 3012 (b) is granted, and the plaintiff's motion for leave to serve a late complaint is denied.

In order to avoid dismissal for failure to timely serve a complaint after a demand for the complaint has been made pursuant to CPLR 3012 (b), a plaintiff must demonstrate a reasonable excuse for the delay in serving the complaint and that he has a meritorious cause of action *(Innerarity v County of Westchester,* 144 AD2d 645).

The plaintiff in this case failed to demonstrate that he has a meritorious cause of action. In support of his motion for leave to serve a late complaint and in opposition to the appellant's motion to dismiss the complaint, the plaintiff submitted an affidavit by a physician who had examined him. The affidavit, however, does not indicate that the appellant departed in any way from accepted medical standards or that any such departure was a proximate cause of the plaintiff's injuries. Thus, the appellant's motion to dismiss the action should have been granted *(see, Daponte v Weber,* 134 AD2d 319; *cf., Adams v Agrawal,* 187 AD2d 886; *Dorgan v Dunda,* 165 AD2d 949),

and the plaintiff's motion for leave to serve a late complaint should have been denied. Mangano, P. J., Miller, Santucci and Hart, JJ., concur.