[942 NE2d 277, 917 NYS2d 68]

Marvin Gibbs, Respondent, v St. Barnabas Hospital, Respondent, and Fausto Vinces, M.D., Appellant, et al., Defendants.

Argued November 16, 2010; decided December 16, 2010

## POINTS OF COUNSEL

*Kaufman Borgeest & Ryan, LLP*, Valhalla (*Jacqueline Mandell* of counsel), for appellant. I. It is error, as a matter of law, to relieve the default of a party who fails to demonstrate both a reasonable excuse for his neglect and the merits of his cause of action. (*Fiore v Galang*, 64 NY2d 999; *Flax v Standard Sec. Life Ins. Co. of N.Y.*, 150 AD2d 894; *Neveloff v Faxton Children's Hosp. & Rehabilitation Ctr.*, 227 AD2d 457; *Gilmore v Garvey*, 31 AD3d 381; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827; *Hesse Constr., LLC v Fisher*, 61 AD3d 1143; *Foster v Dealmaker, SLS, LLC*, 63 AD3d 1640; *Ensley v Snapper, Inc.*, 62 AD3d 403; *AWL Indus., Inc. v QBE Ins. Corp.*, 65 AD3d 904; *Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693.) II. The plaintiff's complaint should have been dismissed because a litigant cannot ignore court orders with impunity. (*Kihl v Pfeffer*, 94 NY2d 118; *Brill v City of New York*, 2 NY3d 648; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725; *Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827.)

*Napoli Bern Ripka, LLP*, New York City (*Denise A. Rubin* of counsel), for Marvin Gibbs, respondent. I. This Court's decision

in *Wilson v Galicia Contr. & Restoration Corp.* (10 NY3d 827 [2008]) is factually distinguishable from the matter at bar and thus inapposite; the Appellate Division properly declined to apply the rule cited therein to the matter at bar. II. The Appellate Division properly found no abuse of Supreme Court's discretion and correctly affirmed. (*Marks v Vigo*, 303 AD2d 306; *Cespedes v Mike & Jac Trucking Corp.*, 305 AD2d 222; *Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827; *Jaffe v Hubbard*, 299 AD2d 395; *Gross v Edmer Sanitary Supply Co.*, 201 AD2d 390; *Martin v City of New York*, 46 AD3d 635; *Novick v DeRosa*, 51 AD3d 885; *Strauss v Vladeck*, 173 AD2d 1063; *Sabatello v Frescatore*, 200 AD2d 939; *148 Magnolia, LLC v Merrimack Mut. Fire Ins. Co.*, 62 AD3d 486.) III. Supreme Court properly exercised its discretion by denying the motion for preclusion and dismissal upon a finding that there was no apparent willfulness or contumacious behavior on the record. (*Moran v Rynar*, 39 AD2d 718; *Dauria v City of New York*, 127 AD2d 459; *Reyes v Riverside Park Community [Stage I], Inc.*, 47 AD3d 599; *E & M Adv. West/Camelot Media, Inc. v Vertical Lend, Inc.*, 45 AD3d 502; *Jones v New York City Tr. Auth.*, 293 AD2d 322; *Sony Corp. of Am. v Savemart, Inc.*, 59 AD2d 676; *Cambry v Lincoln Gardens*, 50 AD3d 1081; *Pascarelli v City of New York*, 16 AD3d 472; *Carella v Reilly & Assoc.*, 297 AD2d 326; *Cooper v Shepherd*, 280 AD2d 337.) IV. Absent a showing that Supreme Court improvidently abused its discretion, an order denying dismissal under CPLR 3126 should not be disturbed on appeal. (*Jaffe v Hubbard*, 299 AD2d 395; *Gross v Edmer Sanitary Supply Co.*, 201 AD2d 390; *Martin v City of New York*, 46 AD3d 635; *Novick v DeRosa*, 51 AD3d 885; *Strauss v Vladeck*, 173 AD2d 1063; *Sabatello v Frescatore*, 200 AD2d 939; *Cafaro v Emergency Servs. Holding, Inc.*, 11 AD3d 496; *Porreco v Selway*, 225 AD2d 752; *Recht v Teuscher*, 176 AD2d 863; *Wolfson v Nassau County Med. Ctr.*, 141 AD2d 815.)

*Garbarini & Scher, P.C.*, New York City (*William D. Buckley* of counsel), for St. Barnabas Hospital, respondent. Although Dr. Vinces and plaintiff did not settle their claims through a release or a covenant not to sue, equity nonetheless requires the trial court to apply General Obligations Law § 15-108 to provide St. Barnabas Hospital with a reduction of the claims against it in proportion to any liability the finder of fact might ascribe to Dr. Vinces. (*Williams v Niske*, 81 NY2d 437; *Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288; *Killeen v Reinhardt*, 71 AD2d 851; *Garcea v Battista*, 53 AD3d 1068; *Bonnot v Fishman*, 88 AD2d 650, 57 NY2d 870.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this medical malpractice action, plaintiff failed to serve a supplemental bill of particulars before the deadline set by a conditional order of preclusion. Consistent with our precedent, we conclude that the trial court erred as a matter of law in excusing the default without requiring plaintiff to establish both a reasonable excuse for his noncompliance and a meritorious cause of action.

In June 2005, plaintiff Marvin Gibbs commenced this medical malpractice action against a number of defendants, including Dr. Fausto Vinces. The claim arose out of treatment plaintiff received for his right hip while a patient at defendant St. Barnabas Hospital. In August 2005, Dr. Vinces served plaintiff with an answer, various disclosure demands and a demand for a bill of particulars within 30 days, as authorized by CPLR 3042.

When there was no response after 30 days, Dr. Vinces' counsel sent plaintiff a letter on January 24, 2006 requesting that a bill of particulars be provided within 10 days "or we will have no alternative but to move to compel production of same." The following day, Dr. Vinces' counsel notified plaintiff that he had not yet satisfied a number of the other discovery demands as well. Plaintiff failed to reply to either letter. Dr. Vinces' attorney again issued a letter on March 21, 2006 seeking the bill of particulars and warning that court intervention would be necessary if plaintiff failed to comply. Again, no response was forthcoming from plaintiff. On May 24, 2006, Dr. Vinces' attorney forwarded plaintiff yet another letter demanding a bill of particulars and the production of other disclosure items within 10 days. Plaintiff did not request an extension of time to respond or in any way reply to these multiple requests.

As a result, in June 2006, Dr. Vinces moved to compel plaintiff to comply with the demand for a bill of particulars and the discovery demands, and requested that the court sanction plaintiff under CPLR 3042 and 3126 by dismissing the complaint or precluding plaintiff from offering evidence at trial regarding Dr. Vinces' alleged negligence. Plaintiff finally served a bill of particulars in August 2006, one year after the doctor's initial demand. Dr. Vinces agreed to withdraw his motion, even though a number of other discovery items remained outstanding.

At a preliminary conference conducted in November 2006, Supreme Court determined that plaintiff's bill of particulars was "unsatisfactory" and directed plaintiff to furnish a supplemental bill of particulars within 30 days clarifying, among other things, the specific allegations of negligence against Dr. Vinces. Plaintiff did not supply the supplemental bill and, in January 2007, Dr. Vinces moved pursuant to CPLR 3126 to strike the complaint or foreclose plaintiff from submitting evidence of negligence at trial based on plaintiff's willful noncompliance.

Supreme Court conditionally granted the motion and issued a conditional preclusion order on February 21, 2007, stating that plaintiff would be barred from offering evidence as to Dr. Vinces' negligence if plaintiff did not serve the supplemental bill of particulars within 45 days. Although Dr. Vinces sent a reminder letter to plaintiff on March 7, 2007, plaintiff did not submit a supplemental bill before the court-imposed deadline, nor did plaintiff request an extension of time to respond or otherwise seek relief prior to the expiration of plaintiff's time to comply under the terms of the order.

Consequently, in May 2007, Dr. Vinces moved to enforce the conditional order of preclusion and for summary judgment dismissing the complaint as against him on the basis that plaintiff could no longer supply any evidence of negligence under the order, which became absolute when plaintiff failed to comply with its terms. Plaintiff served a supplemental bill of particulars in June 2007, approximately 75 days after the deadline specified in the preclusion order.

In opposition to the motion to enforce the conditional preclusion order, plaintiff asserted that Dr. Vinces had received the supplemental bill of particulars and therefore could not demonstrate prejudice. Plaintiff further acknowledged that "a defaulting party can be relieved of preclusion on the showing of a meritorious claim and a reasonable excuse for the delay" and claimed that he had met those requirements. In particular, plaintiff's counsel submitted an affirmation explaining that the untimely supplemental bill of particulars was the result of "inadvertent law office failure" because a different attorney from the law firm had attended the prior court proceeding that resulted in the February 21, 2007 conditional preclusion order

and the expiration date had not been diaried on her calendar.[1] Rather than providing an affidavit of merit to satisfy the second prong of the requisite showing—the meritorious claim—plaintiff claimed that Dr. Vinces' "motion does not suggest that plaintiff does not have a meritorious claim."

Supreme Court granted Dr. Vinces' motion but only to the extent of directing plaintiff to pay $500 as costs for his delay in complying with discovery.[2] The Appellate Division, with one Justice dissenting, affirmed (61 AD3d 599 [1st Dept 2009]). The majority concluded that the trial court did not abuse its discretion in declining to enforce the conditional preclusion order. The dissenter would have enforced the order and granted Dr. Vinces summary judgment, reasoning that the trial court erred in relieving plaintiff of his default without requiring him to demonstrate a reasonable excuse and a meritorious claim. The Appellate Division granted Dr. Vinces leave to appeal and certified the following question to this Court: "Was the order of this Court, which affirmed the order of the Supreme Court, properly made?" We answer this question in the negative.

Under CPLR 3042 (d), a court may invoke the relief set forth in CPLR 3126 when a "party served with a demand for a bill of particulars willfully fails to provide particulars which the court finds ought to have been provided pursuant to this rule." CPLR 3126, in turn, governs discovery penalties and applies where a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." The statute contains a list of nonexclusive sanctions and further permits courts to fashion orders "as are just." CPLR 3126 therefore broadly empowers a trial court to craft a conditional order—an order "that grants the motion and imposes the sanction 'unless' within a specified time the resisting party submits to the disclosure" (Connors, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:10 ["The conditional order is in fact the most popular disposition under CPLR 3126"]; see also CPLR 3042 [d]).

The situation that developed in this case is, unfortunately, a scenario that we have seen before. In *Fiore v Galang* (64 NY2d

---

1. Plaintiff's counsel, for the first time, also claimed that plaintiff's expert could not further amplify the allegations of negligence contained in the original bill of particulars.

2. Plaintiff suggests that Supreme Court in effect reconsidered its prior conditional preclusion order. Although the trial judge was entitled to reconsider the order, we will not assume she reconsidered it when there was no request to do so and no indication that she treated it as such.

999 [1985], *affg* 105 AD2d 970 [3d Dept 1984]), a medical malpractice action, the trial court granted a 30-day conditional order of preclusion directing plaintiffs to serve a bill of particulars on the defendant hospital. Following plaintiffs' lack of compliance with the order, the hospital moved for summary judgment dismissing the complaint. The trial court denied the motion on the condition that plaintiffs serve a bill of particulars and pay $415 to the hospital's attorneys.[3] On appeal, the Appellate Division reversed and dismissed the complaint, concluding that the trial court erred in excusing the default without requiring plaintiffs to offer both a reasonable excuse and an affidavit of merit. We affirmed, explaining that "absent a sufficient affidavit of merits it was error, *as a matter of law*, not to grant defendant Hospital's motion for summary judgment" (*id.* at 1000 [emphasis added]).

Hence, we have made clear that to obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the requested items and (2) the existence of a meritorious claim or defense (*see id.* at 1000-1001; *see also Smith v Lefrak Org.*, 96 AD2d 859 [2d Dept 1983], *affd for reasons stated* 60 NY2d 828 [1983]; *Amodeo v Radler*, 89 AD2d 594 [2d Dept 1982], *affd* 59 NY2d 1001 [1983]). In cases involving a medical malpractice cause of action, "expert medical opinion evidence is required to demonstrate merit" under the second requirement (*Fiore*, 64 NY2d at 1001).

Consistent with *Fiore*, all four departments of the Appellate Division have required plaintiffs to satisfy the two-prong test in cases involving conditional orders that were triggered by failures to submit a bill of particulars by court-imposed deadlines (*see Goldstein v Janecka*, 172 AD2d 463 [1st Dept 1991]; *Gilmore v Garvey*, 31 AD3d 381 [2d Dept 2006]; *Clanton v Vagianellis*, 192 AD2d 943 [3d Dept 1993]; *Foster v Dealmaker, SLS, LLC*, 63 AD3d 1640 [4th Dept 2009], *lv denied* 15 NY3d 702 [2010]).

In this case, the Appellate Division majority's analysis overlooked the two-part test in determining that Supreme Court's decision not to enforce the preclusion order was not an abuse of discretion warranting reversal. We certainly understand

---

**3.** It is interesting to note that in 1984, the trial court in *Fiore* ordered a monetary sanction of $415 and, 25 years later, a $500 sanction was determined to be sufficient in this case.

the Appellate Division's concern that courts be permitted to exercise discretion in the pretrial management of their caseloads, particularly when resolving disputes between parties involving the adequacy of pleadings and the use of discovery devices. But there is also a compelling need for courts to require compliance with enforcement orders if the authority of the courts is to be respected by the bar, litigants and the public. Here, approximately one year elapsed from the date of the initial demand for a bill of particulars to the service of the bill of particulars that was eventually found by Supreme Court to be inadequate. During that year, despite Dr. Vinces' written requests for compliance, plaintiff apparently ignored the applicable statutory time periods, without taking the simple step of contacting the opposing party to ask for an extension or seeking the assistance of Supreme Court to clarify or modify the requests. And, even after Supreme Court determined that a supplemental bill was necessary, another seven months passed before that document was forthcoming—and its service was 75 days after the due date specified in the order of preclusion. Again, no attempt was made to request an extension or seek some form of relief from the court prior to the expiration of the time period set forth in the order.

As this Court has repeatedly emphasized, our court system is dependent on all parties engaged in litigation abiding by the rules of proper practice (*see e.g. Brill v City of New York*, 2 NY3d 648 [2004]; *Kihl v Pfeffer*, 94 NY2d 118 [1999]). The failure to comply with deadlines not only impairs the efficient functioning of the courts and the adjudication of claims, but it places jurists unnecessarily in the position of having to order enforcement remedies to respond to the delinquent conduct of members of the bar, often to the detriment of the litigants they represent. Chronic noncompliance with deadlines breeds disrespect for the dictates of the Civil Practice Law and Rules and a culture in which cases can linger for years without resolution. Furthermore, those lawyers who engage their best efforts to comply with practice rules are also effectively penalized because they must somehow explain to their clients why they cannot secure timely responses from recalcitrant adversaries, which leads to the erosion of their attorney-client relationships as well. For these reasons, it is important to adhere to the position we declared a decade ago that "[i]f the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity" (*Kihl*, 94 NY2d at 123).

All of these concerns are implicated in this case, which is not difficult to resolve since our 1985 decision in *Fiore* is clearly controlling. When plaintiff failed to satisfy Supreme Court's November 2006 order directing him to supply a supplemental bill of particulars within 30 days, the court afforded plaintiff a final opportunity to comply by conditionally granting Dr. Vinces' motion to preclude on February 21, 2007, giving plaintiff 45 days to serve the supplemental bill. Upon default, plaintiff was obligated to provide a reasonable excuse and an expert affidavit to avoid the consequences of the preclusion order. Even assuming for the sake of argument that plaintiff's excuse of law office failure was reasonable—a finding not made by Supreme Court or the Appellate Division majority—plaintiff failed to submit an affidavit from a medical expert establishing the basis of the alleged medical malpractice claim. This deficiency is fatal under *Fiore*. Given that the preclusion order prevents plaintiff from offering any evidence in support of his claim that Dr. Vinces committed malpractice, summary judgment in Dr. Vinces' favor, as a matter of law, should have been awarded.

Finally, we reject plaintiff's premise, accepted by the dissent, that the conditional preclusion order should not be enforced because plaintiff's conduct during the discovery process was not "willful." It is true that CPLR 3042 requires a finding of willfulness where a party fails to respond to or comply fully with a demand for a bill of particulars, and that CPLR 3126 prescribes a similar willfulness element where a party "fails to disclose information which the court finds ought to have been disclosed." But here plaintiff did not just fail to comply with a demand, he disregarded court orders. In such a situation:

> "The courts usually prefer to determine whether the disclosure is required and, if it is, to make an order directing the party to make the disclosure whether the prior refusal was wilful or not. The order is usually a conditional one, applying a sanction unless the disclosure is made within a stated time. With this conditioning, the court relieves itself of the unrewarding inquiry into whether a party's resistance was wilful" (Siegel, NY Prac § 367, at 608 [4th ed]).

It is undisputed that plaintiff failed to respond to Dr. Vinces' periodic demands for a bill of particulars and various discovery items between August 2005 and August 2006. Regardless of whether these failures are characterized as willful, plaintiff also

disregarded Supreme Court's November 2006 order obligating him to serve a supplemental bill of particulars within 30 days. More importantly, plaintiff did not abide the dictates of the February 21, 2007 conditional preclusion order. Upon plaintiff's default, the order became absolute, obligating him to satisfy the well-established two-part test embraced by this Court in *Fiore*. Plaintiff having failed to do so, Dr. Vinces was entitled to dismissal of the complaint.

In reaching this conclusion, we reiterate that "[l]itigation cannot be conducted efficiently if deadlines are not taken seriously, and we make clear again, as we have several times before, that disregard of deadlines should not and will not be tolerated" (*Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 521 [2005]; *see also Wilson v Galicia Contr. & Restoration Corp.*, 10 NY3d 827, 830 [2008]; *Miceli v State Farm Mut. Auto. Ins. Co.*, 3 NY3d 725, 726-727 [2004]; *Brill*, 2 NY3d at 652-653; *Kihl*, 94 NY2d at 123).

Accordingly, the order of the Appellate Division should be reversed, with costs, the motion of defendant Vinces to enforce the conditional order of preclusion and for summary judgment dismissing the complaint against him granted, and the certified question answered in the negative.

CIPARICK, J. (dissenting). As the majority notes, CPLR 3042 and 3126 confer broad discretion on trial courts to craft discovery sanctions. A court "may" issue a final or conditional order "as is just" if a party "willfully fails to provide particulars which the court finds ought to have been provided" (CPLR 3042 [d]; *see also* CPLR 3126).

Neither Supreme Court nor the Appellate Division found that the behavior of plaintiff's counsel was sufficiently egregious to merit the harsh sanction of preclusion. To the contrary, Supreme Court stated that the conduct "was dilatory but not intentioned and . . . [did] not warrant the extreme measure of precluding" counsel from presenting plaintiff's case. The Appellate Division affirmed, finding "no evidence that plaintiff's inaction was willful, contumacious, or the result of bad faith" (*Gibbs v St. Barnabas Hosp.*, 61 AD3d 599, 600 [1st Dept 2009]). Thus, although the CPLR makes willfulness a prerequisite for preclusion, the majority here is imposing the sanction where there is an affirmed finding that Gibbs' behavior was not willful.

Because of this affirmed factual finding, this case is easily distinguishable from *Fiore v Galang* (64 NY2d 999 [1985]), *Smith*

*v Lefrak Org.* (60 NY2d 828 [1983]), *Amodeo v Radler* (59 NY2d 1001 [1983]), and other cases cited by the majority. These cases establish that, as the majority emphasizes, a defaulting party must establish reasonable excuse for the delay and provide an affidavit of merit (*see Fiore*, 64 NY2d at 1000, *affg* 105 AD2d 970 [3d Dept 1984]). They do not alter the CPLR's willfulness requirement, nor do they permit us to make a finding of willfulness and apply a sanction expressly rejected by the courts below.

I would therefore affirm the Appellate Division's order.

Judges READ, SMITH and PIGOTT concur with Judge GRAFFEO; Judge CIPARICK dissents and votes to affirm in a separate opinion in which Chief Judge LIPPMAN and Judge JONES concur.

Order reversed, etc.