■ Board of Managers of the 129 Lafayette Street Condominium, Appellant, v 129 Lafayette Street, LLC, Respondent, et al., Defendants. [959 NYS2d 430]—

Order, Supreme Court, New York County (Louis B. York, J.), entered August 16, 2011, which dismissed the action pursuant to CPLR 3126, unanimously affirmed, without costs.

It is quite clear that the court dismissed this action due to plaintiff's repeated failures to adhere to the court's discovery orders. Thus, we reject plaintiff's argument that the court meant to dismiss this action pursuant to CPLR 3216 instead of 3126. It is also clear that the order was not entered until August 16, 2011. Therefore, we reject plaintiff's argument that the court dismissed the action before the August 5, 2011 deadline to file the note of issue.

Plaintiff contends that the action should not have been dismissed because its behavior was neither willful nor contumacious. However, plaintiff engaged in a "long continued pattern of noncompliance with court orders and discovery demands" (*Jones v Green*, 34 AD3d 260, 261 [1st Dept 2006]). Moreover, the July 2011 status conference order was a *conditional* dismissal order, which "relieve[d] [the court] of the unrewarding inquiry into whether [plaintiff's] resistance was wilful" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 82 [2010] [internal quotation marks omitted]).

Plaintiff failed to offer any excuse for ignoring the court's disclosure orders (*see Milton v 305/72 Owners Corp.*, 19 AD3d 133 [1st Dept 2005], *lv dismissed in part and denied in part* 7 NY3d 778 [2006]; *see also Jones*, 34 AD3d at 261).

In view of the foregoing, it does not avail plaintiff that, one day before the deadline to file the note of issue, it moved to

extend that deadline (*see Abouzeid v Cadogan*, 291 AD2d 423 [2d Dept 2002]). Concur—Tom, J.P., Moskowitz, Richter, Manzanet-Daniels and Clark, JJ.