Anderson & Anderson LLP-Guangzhou v North Am. Foreign Trading Corp. (2018 NY Slip Op 06971)





Anderson & Anderson LLP-Guangzhou v North Am. Foreign Trading Corp.


2018 NY Slip Op 06971


Decided on October 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 18, 2018

Sweeny, J.P., Gische, Mazzarelli, Webber, Kahn, JJ.


651010/11 7368 7367 7366 7465 7364 7363

[*1]Anderson & Anderson LLP-Guangzhou, et al., Plaintiffs-Appellants-Respondents,
v
North American Foreign Trading Corp., Defendant-Respondent-Appellant.
Anderson & Anderson LLP-Guangzhou, et al., Plaintiffs-Respondents,
v
North American Foreign Trading Corp., Defendant-Appellant.


Cox, Padmore Skolnik & Snakarcny, LLP, New York (Stefan Kalina of counsel), for appellants-respondents/respondents.
Schlam Stone & Dolan LLP, New York (Niall D. O'Murchadha of counsel), for respondent-appellant/appellant.



Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered November 29, 2017, dismissing the complaint without prejudice, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about November 2, 2016 and June 6, 2017, unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Appeals from orders entered on or about February 27, 2017, and September 25, 2017, unanimously dismissed, without costs.
The motion court properly granted defendant's motion to strike the complaint after plaintiffs failed to comply with a conditional order striking the complaint unless they produced the written discovery and witnesses for depositions within a specified period (see Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648 [1st Dept 2014]; see also Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82-83 [2010]).
Plaintiffs failed to demonstrate that they were entitled to relief from the conditional order. Their proffered excuses for their noncompliance - including their claimed difficulties in locating suitable counsel - are not reasonable (see Gibbs, 16 NY3d at 80). Plaintiffs had plenty of time and opportunities to obtain new counsel but failed to do so (see 135 Bowery LLC v 10717 LLC, 145 AD3d 1225, 1227-1228 [3d Dept 2016]; Abbott v Crown Mill Restoration Dev., LLC, 109 AD3d 1097, 1099 [4th Dept 2013]). Plaintiffs moved for an appellate stay of discovery (which was ultimately denied) and requested that the court permit depositions to be conducted via written questions. However, they were not free simply to do nothing while awaiting rulings on those motions. As they did not submit an affidavit of merit by someone with personal knowledge of the evidentiary facts, plaintiffs also failed to demonstrate that they had a meritorious
claim (see Gibbs, 16 NY3d at 80; Oversby v Linde Div. of Union Carbide Corp., 121 AD2d 373 [*2][2d Dept 1986]).
Plaintiffs failed to demonstrate that the conditional order was improperly entered. It is undisputed that plaintiffs failed to comply with the court's October 19 and December 13, 2016 status conference orders or to respond substantively to defendant's request to meet and confer (see CPLR 3126[3]; Gibbs, 16 NY3d at 79; Henderson-Jones v City of New York, 87 AD3d 498, 504 [1st Dept 2011]). As indicated, plaintiffs' noncompliance is not excused by their purported difficulties in obtaining adequate counsel.
The fact that plaintiffs timely produced documents responsive to defendant's earlier requests in 2012-2013 does not excuse their failure to comply with defendant's later requests or the court's later discovery orders. The fact that plaintiffs disagreed with those orders is also not a reasonable excuse for noncompliance (see Seril v Belnord Tenants Assn., 139 AD2d 401, 401 [1st Dept 1988], citing Margulies v Margulies, 42 AD2d 517, 517 [1st Dept 1973], lv dismissed 33 NY2d 894 [1973]). Defendant's own alleged wrongful withholding of documents demanded in 2012 until 2016 is similarly not relevant, as plaintiffs resolved these grievances by stipulation and took the position that no further discovery was necessary.
Nevertheless, we find that the motion court properly declined to hold plaintiffs in civil contempt (see El-Dehdan v El-Dehdan, 114 AD3d 4, 10, 16 [2d Dept 2013], affd 26 NY3d 19 [2015]) or to award monetary sanctions against their counsel, Courtney Delano West (see Rules of Chief Admin of Cts [22 NYCRR] § 130-1.1[a], [c]; Levy v Carol Mgt. Corp., 260 AD2d 27, 34-35 [1st Dept 1999]).
Additionally, we cannot conclude that the motion court erred as a matter of law in dismissing the complaint without prejudice (see CPLR 5013; Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615-616 [1985]; Daluise v Sottile, 40 AD3d 801, 802-803 [2d Dept 2007]).
The February 2017 order, which denied plaintiffs' motion to vacate an October 2014 order that disqualified counsel for plaintiffs, and the September 2017 order, which denied plaintiffs' motion for leave for West to appear as counsel, are not brought up for review by the instant appeal from the judgment, because they do not "necessarily affect[] the final judgment" (see CPLR 5501[a][1]; Paul v Cooper, 100 AD3d 1550, 1552 [4th Dept 2012], lv denied 21 NY3d 855 [2013]). However, the November 2016 order, which granted defendant's motion to vacate the note of issue and denied plaintiffs' motion for summary judgment, is reviewable, because, if reversed, it could be dispositive (see CPLR 5501[a][1]; Siegmund Strauss, Inc. v East 149th Realty Corp., 20 NY3d 37, 41-43 [2012]).
The court correctly vacated the note of issue on the ground that there was significant fact and expert discovery outstanding at the time it was filed (see Uniform Rules for Trial Cts [22 NYCRR] § 202.21[a]-[b]; Tirado v Miller, 75 AD3d 153, 156 [2d Dept 2010]; Vargas v Villa Josefa Realty Corp., 28 AD3d 389, 390-391 [1st Dept 2006]). Plaintiffs' claim that defendant's deposition notices were fabricated is unpersuasive.
The court correctly denied plaintiffs' motion for summary judgment both as premature (see CPLR 3212[f]) and because issues of fact existed as to what was required by the contingency fee agreements to trigger defendant's payment obligation, whether plaintiffs met those requirements, whether the agreements automatically terminated on December 31, 2009, and whether plaintiffs were entitled to payment even if the agreements terminated on that date. Further discovery could prove illuminating on these issues - particularly expert discovery on the correct interpretation of these agreements under Chinese law (see JPMorgan Chase Bank, N.A. v Motorola, Inc., 47 AD3d 293, 305 [1st Dept 2007]). Although both parties produced expert affidavits despite the absence of any expert discovery, plaintiffs did not submit their affidavit until reply, and therefore cannot rely on it to make their prima facie showing (see L'Aquila Realty, LLC v Jalyng Food Corp., 103 AD3d 692 [2d Dept 2013]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 18, 2018
CLERK