Diaz v Maygina Realty LLC (2020 NY Slip Op 01697)





Diaz v Maygina Realty LLC


2020 NY Slip Op 01697


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


11241 151534/16

[*1] Myrna Diaz, Plaintiff-Appellant,
v
Maygina Realty LLC, et al., Defendants-Respondents.


Pollack Pollack Isaac & DeCicco, LLP, New York (Christopher J. Soverow of counsel), for appellant.
Nicoletti Gonson Spinner Ryan Gulino Pinter LLP, New York (Michael J. Kesselman of counsel), for Maygina Realty LLC, respondent.
Milber Makris Plousadis & Seiden, LLP, White Plains (Danielle L. Rizzo of counsel), for Srinidhhi Inc., respondent.
Office of Nadine Rivellese, New York (Stephen T. Brewi of counsel), for Consolidated Edison Inc. and Consolidated Edison Company of New York, Inc., respondents.



Order, Supreme Court, New York County (Robert R. Reed), entered December 21, 2018, which granted defendants Maygina Realty LLC's and Srinidhhi Inc.'s motions for summary judgment dismissing the complaint as against them and, upon a search of the record, granted the Con Ed defendants summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiff failed to comply with a conditional order of preclusion requiring her to produce authorizations relating to treatment for her preexisting conditions, and the order became absolute (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 83 [2010]). As the order precluded her from offering evidence as to damages at trial, plaintiff would be unable to prove her prima facie case.
Contrary to plaintiff's unpreserved contention, defendants were not required to show prejudice as a result of her noncompliance (see generally id. at 81).
Plaintiff failed to demonstrate a reasonable excuse for her failure to produce the authorizations and the existence of a meritorious claim, as required to obtain relief from the conditional order (id. at 80).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK