Ubozoh v Mueller (2022 NY Slip Op 02380)

Ubozoh v Mueller

2022 NY Slip Op 02380

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Index No. 26237/17 Appeal No. 15694 Case No. 2021-00321 

[*1]Chizorom Ubozoh, Plaintiff-Respondent,
v
Bruce Mark Mueller, et al., Defendants-Appellants, Garcia Delacruz, et al., Defendants.

Carman, Callahan & Ingham, LLP, Farmingdale (Lauren M. Mazzara of counsel), for Bruce Mark Mueller, appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for Trevor M. John, appellant.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about August 27, 2020, which denied defendants Bruce Mark Mueller and Trevor M. John's motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment accordingly.
Upon plaintiff's failure to comply with the portion of a self-executing preclusion order directing her to provide defendants with a bill of particulars and HIPAA-compliant medical authorizations within a specified time, the order became absolute and precluded plaintiff from offering evidence as to any of her alleged injuries or other damages (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82 [2010]; Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648, 648 [1st Dept 2014]). Since plaintiff cannot offer medical evidence of her alleged injuries, she will not be able to meet her threshold burden of showing that she sustained a serious injury as a result of the motor vehicle accident, as required under Insurance Law § 5102(d) (see Licari v Elliott, 57 NY2d 230, 237-238 [1982]). As a result, plaintiff will not be able to make a prima facie case, and the complaint should be dismissed in its entirety (see Diaz v Maygina Realty LLC, 181 AD3d 478, 479 [1st Dept 2020]; Henry v Lenox Hill Hosp., 159 AD3d 494, 495 [1st Dept 2018]; see also Vecchiano v Greyhound Lines, Inc., 135 AD2d 708, 708 [2d Dept 1987], lv denied 71 NY2d 803 [1988]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022