Matter of J.V. v Smiley & Smiley LLP (2025 NY Slip Op 02874)

Matter of J.V. v Smiley & Smiley LLP

2025 NY Slip Op 02874

Decided on May 13, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 13, 2025

Before: Renwick, P.J., Kern, Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 500137/09|Appeal No. 4338|Case No. 2024-03367|

[*1]In the Matter of J.V., etc., Plaintiff,
v
Smiley & Smiley LLP, et al., Defendants, Flomenhaft Law Firm, PLLC, et al., Defendants-Appellants, Schwartz Goldstone Campisi and Kates LLP, Defendant-Respondent.

Kaufman Borgeest & Ryan LLP, Valhalla (David Bloom of counsel), for appellants.
Schwartz Goldstone Campisi & Kates, LLP, New York (Herbert Rodriguez Jr. of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered May 17, 2024, which granted defendant Schwartz Goldstone Campisi and Kates LLP's (SGCK) motion to strike the pleadings, petitions, and any and all claims entitling defendants-appellants (Flomenhaft defendants) to a portion of the legal fees in the underlying personal injury action unless the Flomenhaft defendants timely complied with the court's order to produce as outlined therein, unanimously affirmed, with costs.
The court providently exercised its discretion in conditionally striking the Flomenhaft defendants' pleadings, petitions, or claims to legal fees in the underlying personal injury action based on their failure to comply with numerous court orders to provide the discovery at issue. The records sought are material and necessary to SGCK's claim that the Flomenhaft defendants misappropriated at least a portion of the proceeds of certain loans taken out by the underlying plaintiff at the Flomenhaft defendants' urging. If SGCK is ultimately successful in proving its claim, the Flomenhaft defendants may forfeit their portion of the legal fees in the personal injury action (see Capagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43-44 [1990]). Contrary to the position of the Flomenhaft defendants, this Court's February 3, 2022 order (Matter of Verdugo, 202 AD3d 451, 453 [1st Dept 2022]) did not foreclose the discovery at issue, which is relevant to the allocation of fees between the law firms, not the general financial position of the Flomenhaft defendants.
The Flomenhaft defendants argue that their failure to comply with the court-ordered discovery was not willful. However, the motion court did not and was not required to determine if the conduct of the Flomenhaft defendants was willful or contumacious, since the preclusion was conditioned upon the Flomenhaft defendants' failure to comply in the future (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 82-83 [2010]). If the Flomenhaft defendants did not comply by the stated deadline, it was for the motion court to address the appropriate penalty (see Diaz v Maygina Realty LLC, 181 AD3d 478, 479 [1st Dept 2020]).
We have considered the Flomenhaft defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2025