**Sosa v Law Offs. of Jose A. Polanco**

2025 NY Slip Op 31908(U)

May 30, 2025

Supreme Court, New York County

Docket Number: Index No. 161438/2018

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     <u>**HON. DAVID B. COHEN**</u>          **PART**              **58**

*Justice*

-----------------------------------------------------------------------------X

SOSA, LAXMI

                Plaintiff,

- v -

LAW OFFICES OF JOSE A. POLANCO, JOSE A. POLANCO ESQ., TINA GALANI ESQUIRE; GALANI LAW FIRM PLLC, THE GALANI LAW FIRM P.C.

                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161438/2018 |
| **MOTION DATE** | 03/03/2025 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69

were read on this motion to/for          <u>STRIKE PLEADINGS</u> .

Plaintiff moves pursuant to CPLR 3126 to strike the answer of first-party defendants, Law Offices of Jose A. Polanco, Jose A. Polanco, Esq., Tina Galani, Esq., Galani Law Firm PLLC, and The Galani Law Firm P.C. (collectively defendants), and for entry of a default judgment on liability. Defendants oppose.

Plaintiff contends that this attorney malpractice matter, commenced on December 6, 2018, has been marked by a pattern of defendants' noncompliance with discovery requests and so-ordered obligations. Plaintiff argues that over the course of nearly four years, defendants failed to provide responses to discovery demands and depositions, notwithstanding eight court orders explicitly requiring them to do so (NYSCEF 47).

Defendants, in opposition, argue that Polanco emailed responses to plaintiff's interrogatories as of July 2023, plaintiff's supplemental combined demands were addressed in the discovery responses filed with their opposition, and they are currently prepared to proceed with Polanco's deposition (NYSCEF 64).

**161438/2018 SOSA, LAXMI vs. LAW OFFICES OF JOSE A.**
**Motion No. 001**

**Page 1 of 5**

Plaintiff replies that defendants' discovery responses were untimely, incomplete, and served only with their late opposition papers, without explanation. Plaintiff emphasizes that the interrogatory responses purportedly served in July 2023 were never received and, in any event, do not address the full scope of outstanding demands. These last-minute submissions, plaintiff argues, do not cure years of noncompliance or excuse defendants' failure to appear at multiple court-ordered conferences.

The record shows that since the Preliminary Conference Order entered on September 28, 2021 (NYSCEF 16), the Court has issued a series of orders directing compliance, culminating in the so-ordered stipulation dated July 8, 2024 (NYSCEF 40), which stated that "All of these items are final. No further adjournments will be granted. Any items not completed by the next conference will be deemed waived." Despite these warnings, defendants failed to appear for both a November 2024 conference and the April 1, 2025 conference and served written discovery responses only on the eve of this motion's return date (NYSCEF 66). Furthermore, defendants filed their opposition 6 days late, on April 1, 2025, rather than March 26, 2025, and did not offer any explanation for the delay (*id.*).

CPLR 3126 gives the court broad discretion to impose a range of sanctions, including striking pleadings, when a party "refuses to obey an order for disclosure or willfully fails to disclose information which the court finds ought to have been disclosed." "[T]he drastic remedy of striking a party's pleading pursuant to CPLR 3126 for failure to comply with a discovery order ... is appropriate only where the moving party conclusively demonstrates that the non-disclosure was willful, contumacious or due to bad faith" (*Youwanes v Steinbrech*, 193 AD3d 492 [1st Dept 2021]). When determining the appropriate sanction, "the Court must consider the degree to which the contumacious conduct or destruction of evidence prejudiced the other party" (*Melcher*

**161438/2018 SOSA, LAXMI vs. LAW OFFICES OF JOSE A.**
**Motion No. 001**

**Page 2 of 5**

2 of 5

*v Apollo Med. Fund Mgt. L.L.C.*, 105 AD3d 15, 23 [1st Dept 2013]). The Court of Appeals has emphasized that "there is a compelling need for courts to require compliance with enforcement orders if the authority of the courts is to be respected by the bar, litigants and the public," reaffirming that "litigation cannot be conducted efficiently if deadlines are not taken seriously" (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 81 [2010]).

However, where a party has served some discovery responses, a motion to strike for failure to comply with discovery demands must generally be preceded by a motion to compel (*see Double Fortune Prop. Investors Corp. v Gordon*, 55 AD3d 406, 407 [1st Dept 2008] ["[T]he proper course for defendant, rather than moving to strike the complaint pursuant to CPLR 3126, was first to move to compel further discovery pursuant to CPLR 3124."]). This approach ensures that the court's most severe sanctions are reserved for cases of outright defiance or continued noncompliance following clear judicial directives (*see Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.*, 214AD3d 442 [1st Dept 2023] [defendants' answer stricken where they failed to comply with multiple court-ordered deadlines—including two granted motions to compel—and continued to disregard warnings of potential sanctions, reflecting bad faith and contumacious conduct]). Moreover, [i]n New York there is strong public policy favoring the disposition of cases on the merits (*Dugger v Conrad*, 189 AD3d 478 [1st Dept 2020]).

Here, although the record reflects defendants' repeated failure to comply with court-ordered discovery over an extended period, including nonappearance at two court-ordered conferences and the late service of deficient responses within the past year, plaintiff has not moved to compel with respect to the most recent responses. Unlike *Teshabaeva*, where defendants disregarded multiple granted motions to compel and left the court with no recourse

**161438/2018 SOSA, LAXMI vs. LAW OFFICES OF JOSE A.** **Page 3 of 5**
Motion No. 001

3 of 5

[* 3]

but to strike the answer, the present record reflects partial compliance and recent expressions of willingness to proceed. Defendants contend they have produced interrogatory responses, served additional responses with their opposition, and represented, including at the May 27, 2025 conference, that they are prepared to complete depositions.

While this history approaches the level of willful and contumacious conduct described in *Youwanes* and *Teshabaeva*, one final opportunity for defendants to comply is warranted. Accordingly, and in line with the preference to resolve matters on the merits, the Court will issue a conditional, self-executing order directing compliance within a defined period.

Accordingly, it is hereby

ORDERED that plaintiff's motion to strike the answer is granted unless defendants, within 30 days of the date of service on them of a copy of this order with notice of entry by regular mail: (1) produce Tina Galani, Esq. and Jose A. Polanco, Esq. for deposition; and (2) serve full and complete written responses to all outstanding discovery demands, including plaintiff's interrogatories and supplemental combined demands; and it is further

ORDERED that if defendants fail to comply timely with this order, plaintiff may e-file an affidavit of noncompliance, and the first-party defendants' answer will then be stricken without further motion or application; and it is further

ORDERED that if defendants Law Offices of Jose A. Polanco, Jose A. Polanco, Esq., Tina Galani, Esq., Galani Law Firm PLLC, or The Galani Law Firm P.C. fail to comply timely with this order, plaintiff may e-file an affidavit of noncompliance, and the defaulting defendants' answer(s) will then be stricken without further motion or application; and it is further

**161438/2018 SOSA, LAXMI vs. LAW OFFICES OF JOSE A.** **Page 4 of 5**
**Motion No. 001**

4 of 5

ORDERED that, in the event of compliance, the parties shall appear for a status conference on September 2, 2025, at 9:30 a.m., at 71 Thomas Street, Room 305, New York, New York.

2025053013190TDSCOHEN96DD7B13D8DA4485AE198310C1865080

__5/30/2025__
__DATE__

__DAVID B. COHEN, J.S.C.__

| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | | GRANTED | | DENIED | | GRANTED IN PART | X | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**161438/2018   SOSA, LAXMI vs. LAW OFFICES OF JOSE A.**
**Motion No.  001**

**Page 5 of 5**

[* 5]