■ TINA VAZQUEZ, Respondent, v LAMBERT HOUSES REDEVELOPMENT COMPANY, Appellant. [973 NYS2d 40]—

Order, Supreme Court, Bronx County (Laura G. Douglas, J.), entered August 30, 2012, which, inter alia, denied defendant's motion to vacate a conditional order, same court and Justice, entered March 3, 2011 upon defendant's default, granting plaintiff's motion for sanctions to the extent of ordering that, in the event defendant failed to produce certain outstanding discovery within 30 days of the issuance of the order, defendant's answer would be stricken and an order of preclusion entered against it, and granted plaintiff's motion to enforce the conditional order, unanimously affirmed, without costs.

The court properly granted plaintiff's motion to enforce the conditional order striking defendant's answer since defendant did not produce the specified materials within the identified time period, and did not establish both a reasonable excuse for its failure to timely produce the specified materials and the existence of a meritorious defense (*see Keller v Merchant Capital Portfolios, LLC*, 103 AD3d 532, 533 [1st Dept 2013], citing *Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]).

Defendant's motion to vacate the conditional order was properly denied since its "conclusory and unsubstantiated" claims of law office failure cannot excuse its default in failing to oppose plaintiff's motion for sanctions (*Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789, 790 [1st Dept 2012]). Having failed to proffer an acceptable excuse for its default, it is unnecessary to determine whether a meritorious defense exists (*id.*).

Alternatively, defendant's failure to timely and fully comply with three court orders directing it to produce certain materials—one of which was a conditional order striking defendant's answer if it did not timely comply within 30 days—warrants an inference of willful noncompliance (*see Keller*, 103 AD3d at 533; *Perez v City of New York*, 95 AD3d 675, 677 [1st Dept 2012]). Such an inference is further supported by defendant's failure to explain the numerous discrepancies between its discovery responses and its employee's deposition testimony as to the existence of responsive records. Notably, defendant never offered any explanation regarding its employee's testimony that highly relevant records had been destroyed by flooding at some unspecified time, but were preserved electronically.

The affidavit proffered by defendant regarding the unavailability of documents that are the subject of the court's discovery order was insufficient, as it failed to include any details as to when the search was performed, " 'where the subject records

were likely to be kept, what efforts, if any, were made to preserve them, whether such records were routinely destroyed, [and] whether a search [was] conducted in every location where the records were likely to be found' " (*Henderson-Jones v City of New York*, 87 AD3d 498, 505 [1st Dept 2011], quoting *Jackson v City of New York*, 185 AD2d 768, 770 [1st Dept 1992]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, DeGrasse, Freedman and Feinman, JJ.