Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered July 1, 2013, which granted defendant’s motion to dismiss the complaint and denied plaintiff’s cross motion to vacate a prior conditional preclusion order, unanimously affirmed, without costs.
Defendant moved for dismissal of the complaint on the ground that plaintiff was unable to make out a prima facie case, having been precluded from offering any testimony at trial based on his violation of a prior conditional preclusion order. The conditional preclusion order gave plaintiff 30 days from service of the order to submit to a deposition and provide all outstanding discovery. It is uncontested that plaintiff did not comply with the order. Upon failing to comply, the self-executing order automatically became effective on or about November 25, 2011, and plaintiff was barred from offering any testimony at trial (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79-80 [2010]; Casas v Consolidated Edison Co. of N.Y., Inc., 116 AD3d 648, 648 [1st Dept 2014]). Thereafter, defendant moved to dismiss plaintiffs complaint on the ground that, having been precluded from testifying at trial, plaintiff could not make out a prima facie case. The court properly granted the motion and denied plaintiffs cross motion to vacate the conditional order, as plaintiff failed to demonstrate a meritorious claim or a reasonable excuse for not complying with the order (see Gibbs, 16 NY3d at 80).
*557 Plaintiffs prior counsel’s suspension was not effective until after plaintiff defaulted under the conditional preclusion order. Moreover, in opposition to defendant’s motion to dismiss, plaintiff did not submit an affidavit attesting to, among other things, whether he himself was aware of the conditional order or its import, and his own lack of willfulness in failing to comply with the order.
The lack of any affidavit from plaintiff also precludes the finding of a meritorious cause of action. Plaintiff’s present counsel’s affirmation, reciting the purported facts of the accident, is insufficient, as counsel had no personal knowledge of these facts (see Trawally v East Clarke Realty Corp., 92 AD3d 471 [1st Dept 2012]). Moreover, the uncertified police report attached to counsel’s affirmation constitutes inadmissible hearsay (see Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [1st Dept 2010]). Nor does plaintiffs generalized verified complaint or bill of particulars warrant a finding of merit.
To the extent plaintiff argues that he was denied an automatic stay pursuant to CPLR 321 (c) upon the suspension of his former counsel because defendant moved to dismiss the complaint before serving a notice on plaintiff to appoint new counsel, the argument is unavailing. Defendant did not move to dismiss the complaint until after plaintiffs present counsel filed an appearance.
Concur — Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.