■ NILDA TORRES, Appellant, v HARMONIE CLUB OF THE CITY OF NEW YORK, Respondent, et al., Defendants. [998 NYS2d 8]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered September 26, 2013, which denied plaintiff's motion to vacate an order of the same court and Justice, entered April 10, 2013, which had granted, on default, defendant the Harmonie Club of the City of New York's motion to dismiss the complaint against it for failure to, among other things, serve a bill of particulars, unanimously affirmed, without costs.

Although plaintiff's counsel filed an authorization for electronic service, he sent all counsel a notice declining to accept electronic service, and defaulted in responding to defendant's motion to dismiss the complaint. For the first time on appeal, plaintiff asserts that her counsel failed to respond to

defendant's motion because he mistakenly believed that email service was not permitted. This excuse is unpreserved and, in any event, unavailing (*see Vazquez v Lambert Houses Redevelopment Co.*, 110 AD3d 450, 451 [1st Dept 2013]).

Plaintiff also failed to demonstrate a meritorious claim against defendant, because she did not provide an affidavit from a person with knowledge of the facts underlying her claim. The bill of particulars attached to plaintiff's motion to vacate her default is insufficient, because it was signed only by her counsel, who did not have personal knowledge of the facts (*see Silva v Lakins*, 118 AD3d 556, 557 [1st Dept 2014]).

Plaintiff failed to preserve her argument that defendant conceded in another action that this action is viable; in any event, the argument is unavailing. Concur—Renwick, J.P., Saxe, Moskowitz, DeGrasse and Richter, JJ.