██ ROBERT TORRES, Respondent, v SHAWN E. KALLOFF, Appellant. [8 NYS3d 597]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Ash, J.), dated February 5, 2014, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

The plaintiff alleged that he sustained personal injuries when his moped was struck by the defendant's car at the intersection of 55th Street and Third Avenue in Brooklyn. The plaintiff also alleged that the operator of the defendant's vehicle left the scene of the accident without exchanging information.

In support of his motion for summary judgment on the issue of liability, the plaintiff submitted the affidavit of a nonparty witness who averred, among other things, that he obtained the license plate number of the vehicle involved in the accident with the plaintiff. To demonstrate that the license plate number corresponded to the defendant's vehicle, the plaintiff submitted an uncertified police accident report, which constitutes inadmissible hearsay (see Silva v Lakins, 118 AD3d 556, 557 [2014]; Rivera v GT Acquisition 1 Corp., 72 AD3d 525, 526 [2010]). As a result, the plaintiff failed to satisfy his prima facie burden of demonstrating entitlement to judgment as a matter of law.

In light of the plaintiff's failure to meet his prima facie burden, we need not consider the sufficiency of the defendant's

opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Balkin, J.P., Roman, Maltese and Barros, JJ., concur.