■ Liu Yu et al., Appellants, v Stella Ma, Respondent, et al., Defendants. [43 NYS3d 323]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered February 3, 2016, which granted defendant Stella Ma's motion to vacate the default judgment against her and dismiss the complaint on the ground that she was a non-domiciliary over whom the court lacked personal jurisdiction, unanimously affirmed, without costs.

Although the motion court's decision cites CPLR 317, defendant Ma moved pursuant to CPLR 5015 (a) (4) to vacate the default judgment against her on the ground that the court "lack[ed] jurisdiction to render the judgment or order." Under CPLR 5015 (a) (4), the need to assert a reasonable excuse is obviated (see Wells Fargo Bank, N.A. v Jones, 139 AD3d 520, 523 [1st Dept 2016]). Defendant, a California resident, averred that she never lived in New York State; never conducted any business in the state; never owned any real property in the state; and never visited the state, except for vacation purposes.

In opposition, plaintiffs do not allege a single contact with New York, nor cite any connection defendant had to New York. On appeal, plaintiffs make only conclusory assertions that defendant transacts business in New York or made misrepresentations within the state, without reference to a single specific act (see CPLR 302 [a] [1], [2]). Plaintiffs also contend, again in entirely conclusory fashion, that defendant committed a tort outside New York causing injury to them in New York, but, even if true, plaintiffs cite no instances of defendant doing regular business in New York, deriving substantial revenue in the state, or deriving substantial revenue from interstate or international commerce (CPLR 302 [a] [3]).

Based on the foregoing, the court properly granted the motion to vacate the default judgment and dismiss the complaint as against this defendant. Concur—Sweeny, J.P., Renwick, Richter, Manzanet-Daniels and Kapnick, JJ.