Yaffe v Shkreli (2020 NY Slip Op 05875)





Yaffe v Shkreli


2020 NY Slip Op 05875


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 651784/18 Appeal No. 12116N Case No. 2019-04898 

[*1]George Yaffe, Plaintiff-Respondent,
v
Martin Shkreli, Defendant-Appellant.


Murphy Group CNY, PLLC, Syracuse (Brianne E. Murphy of counsel), for appellant.
Guzov, LLC, New York (Debra J. Guzov of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 13, 2019, which denied defendant's motion to vacate a default judgment entered against him, unanimously affirmed, with costs.
Defendant failed to demonstrate a reasonable excuse for his default and a meritorious defense to the action because he submitted his motion without an affidavit by someone with personal knowledge of the pertinent facts, i.e., himself (see Torres v Harmonie Club of the City of N.Y., 122 AD3d 518, 519 [1st Dept 2014]; Matter of Wynyard v Antique Co. of N.Y., 247 AD2d 265 [1st Dept 1998]). The affirmation by his counsel, who lacked personal knowledge, was insufficient for this purpose (see James v Hoffman, 158 AD2d 398 [1st Dept 1990]).
In any event, defendant's incarceration does not constitute a reasonable excuse for his default, given that he does not contest the receipt of service and he was afforded six months to respond to plaintiff's motion (see Matter of Commissioner of Social Servs. of the City of N.Y. v Juan H.M., 128 AD3d 501 [1st Dept 2015]). Nor did he demonstrate a meritorious defense by arguing that a subsequent consulting agreement with plaintiff's son, who is not a party to the sued-upon note, superseded his obligations to plaintiff under the note.
We have considered defendant's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020