T.W. v Phillip Bus Serv. (2023 NY Slip Op 00750)

T.W. v Phillip Bus Serv.

2023 NY Slip Op 00750

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 28978/17E Appeal No. 17285 Case No. 2022-02058 

[*1]T.W., etc., et al., Plaintiffs-Appellants,
v
Phillip Bus Service et al., Defendants-Respondents.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellants.
Gannon, Rosenfarb & Drossman, New York (Lisa L. Gokhulsingh of counsel), for respondents.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered March 23, 2022, which, upon granting plaintiffs' motion to renew, adhered to its prior determination granting defendants' motion to preclude plaintiffs from offering evidence at trial for failure to comply with discovery, unanimously affirmed, without costs.
Plaintiffs' prior appeal of this matter was dismissed for failure to prosecute; as a result, this appeal warrants dismissal, as well (see Bray v Cox, 38 NY2d 350, 353 [1976]). Nonetheless, we review the matter in the exercise of our discretion (see Faricelli v TSS Seedman's, 94 NY2d 772, 774 [1999]).
Plaintiffs were not entitled to be relieved from the adverse impact of the conditional order of preclusion (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). On the contrary, plaintiffs' excuse of law office failure was conclusory and unsubstantiated, and it did not excuse their default in failing to comply with discovery
demands and numerous court orders for over two years (see Vazquez v Lambert Houses Redevelopment Co., 110 AD3d 450, 451 [1st Dept 2013]).
In light of our determination, we need not reach the issue of whether a meritorious cause of action exists (id.). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023