Alghafly v Ewiess (2024 NY Slip Op 02271)

Alghafly v Ewiess

2024 NY Slip Op 02271

Decided on April 30, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 30, 2024

Before: Singh, J.P., Gesmer, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 650335/19 Appeal No. 2167 Case No. 2023-03237 

[*1]Khalid Alghafly et al., Respondents,
v
Fadi Ewiess, Also Known as Fadi Awise, Appellant.

Law Office of Frederica L. Miller, PLLC, New York (Frederica Miller of counsel), for respondents.

Order, Supreme Court, New York County (Andrea Masley, J.), entered June 29, 2023, which denied defendant's CPLR 5015 motion to vacate the default judgment, unanimously affirmed, without costs.
Defendant supported his motion to vacate the default judgment under CPLR 5015(a)(4) only by an affidavit by his counsel containing conclusory allegations not based on personal knowledge. He failed to submit his own affidavit by defendant averring that he never transacted business in New York (see cf. Liu Yu v Ma, 145 AD3d 577, 577 [1st Dept 2016]). Accordingly, defendant did not adequately raise the issue that the court lacked personal jurisdiction over him pursuant to CPLR 302(a)(1) Furthermore, based on the record, plaintiff at least "demonstrated a basis for jurisdiction" (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38 [1st Dept 2023]) and the motion to vacate on this ground was properly denied.
Similarly, the court also correctly declined to grant the motion to vacate his default based on the CPLR 5015(a)(1). Defendant could not demonstrate either a reasonable excuse for his default or a meritorious defense to the action because "he submitted his motion without an affidavit by someone with personal knowledge of the pertinent facts, i.e., himself," and the affirmation by his counsel, who lacked personal knowledge, was insufficient for this purpose (Yaffe v Shkreli, 187 AD3d 592, 592 [1st Dept 2020]; see also Mohamed v Mohamed, 176 AD3d 567, 567-568 [1st Dept 2019]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 30, 2024