| |
|---|
| **Kaba v Bookman** |
| 2024 NY Slip Op 32598(U) |
| July 31, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159181/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. JAMES G. CLYNES**                    PART            22M

                                          *Justice*

----------------------------------------------------------------X

IBRAHIMA BRICO KABA, MARIAM T SYLLA        INDEX NO.          159181/2021

                    Plaintiff,             MOTION DATE        05/13/2024

         - v -                             MOTION SEQ. NO.        001

DAVID A BOOKMAN, JOHN DOE,                 **DECISION + ORDER ON**
                                                **MOTION**
                    Defendant.

----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 25, 26, 27, 28

were read on this motion to/for          _____JUDGMENT - SUMMARY_____.

Upon the foregoing documents, the motion by Plaintiffs pursuant to CPLR 3212 on the issue of liability and to dismiss Defendant's affirmative defense of Plaintiffs' culpable conduct (Third Affirmative Defense) is decided as follows:

Plaintiffs seek to recover for injuries allegedly sustained as a result of a June 25, 2020 motor vehicle accident between a vehicle owned and operated by Plaintiff Ibrahima Brico Kaba ("Kaba") within which Plaintiff Mariam T. Sylla ("Sylla") was a passenger and a vehicle owned and operated by Defendant David A. Bookman ("Defendant") and "John Doe" (name being fictitious, true name unknown). The alleged accident occurred at the intersection of 153rd Street and Broadway.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case (*Winegrad v NY Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Once such entitlement has been demonstrated by the moving party, the burden shifts to the party opposing the motion to "demonstrate by admissible evidence the existence of a factual issue requiring a trial of the action or tender an acceptable excuse for his failure...to do [so]" (*Zuckerman v New York*, 49 NY2d 557, 560 [1980]).

159181/2021   KABA, IBRAHIMA BRICO ET AL vs. BOOKMAN, DAVID A ET AL          Page 1 of 4
Motion No.  001

As an initial matter, in support of the motion Plaintiffs partially rely on a copy of an uncertified police accident report.[1] In opposition, Bookman contends that the police report is inadmissible because it is uncertified and was written without the presence of Bookman. The Court finds that as the police report submitted by Plaintiff was not certified and bore upon the ultimate issues of fact, it is inadmissible (*Hazzard v Burrowes*, 95 AD3d 829 [2d Dept 2012] [police accident report was inadmissible, as it was not certified as a business record and bore upon the ultimate issues of fact to be decided by the jury]).

In support of their motion, Plaintiffs also rely on Examinations Before Trial of Kaba and Sylla. In Kaba's Examination Before Trial ("EBT"), he testified that he was traveling in the right lane on Broadway in his vehicle of which his sister, Sylla, was a passenger. Kaba testified that he moved his vehicle into the left lane approximately at 149th Street and moved back into the right lane because of construction and that the subject accident happened when his vehicle was approaching 154th Street with a green light while moving approximately twenty to twenty-five miles per hour while he had his right foot on the gas pedal. Kaba further testified that a vehicle made impact with the rear of his and that he did not see the vehicle before the accident, but the other vehicle involved in the accident was a red car and that Kaba has the other vehicle's plate number as well as pictures of the car and of the person driving the car and "his girlfriend."

Following the accident, Kaba testified that he drove 200 to 300 feet on Broadway and pulled to the side and the other vehicle pulled up to the back of Kaba's vehicle, the driver and passenger of the other car then got out of the vehicle. Kaba further testified that the woman passenger") was arguing with Sylla and the other man was arguing with Kaba, and that Kaba then called 911 and the driver and passenger of the other vehicle returned to the vehicle and drove away.

In Sylla's EBT, she testified that she was seated in the rear of Kaba's vehicle behind the passenger seat and that the vehicle was in the right lane traveling from 147th Street to 153rd Street with construction on the side of Broadway, but it was not blocking any lanes. Sylla testified that

---

[1] The police report marks vehicle 2 as a 2013 Ford sedan with New York license plate number JPD8216.

**159181/2021   KABA, IBRAHIMA BRICO ET AL vs. BOOKMAN, DAVID A ET AL**   Page 2 of 4
**Motion No.  001**

[* 2]

2 of 4

she realized she was involved in an accident when her head and back hit the "chair" in the vehicle and that she did not see the other vehicle involved in the accident before the accident but saw it after, stating that it was a small, gray vehicle. She further testified that when the vehicle she was a passenger in was impacted it moved forward but did not come into contact with anything.

Following the accident, Sylla testified that Kaba got out of the vehicle and stood by the driver's side of his vehicle and the other driver came towards Kaba and the driver and the woman passenger insulted Kaba and Sylla. Sylla testified that Kaba called the police and when he hung up the phone the other driver insulted Kaba and left the scene with the woman passenger.

In opposition, Defendant relies on his affidavit in which he avers that at the time of the accident he was the owner of the 2013 Ford with New York license plate JPD8216 alleged to be involved in the subject accident. Defendant further avers that at no point on the subject date or in the subject area of the alleged accident did his 2013 Ford come into contact with a 2015 Toyota Taxi with license plate T775479C (Kaba's vehicle).

In reply, Plaintiffs contend that a one sentence statement that there was no contact should not raise a question of fact and that Defendant failed to provide a counter statement of facts. In support of their reply, Plaintiffs submit a photo of the rear of Plaintiffs' vehicle, which Plaintiffs contend shows damage.

Plaintiffs fail to satisfy their prima facie burden. Plaintiff Kaba testified that he has photographs of the vehicle involved in the subject accident, its license plate, the driver of the vehicle, and the vehicle's passenger. However, Plaintiffs do not submit these photographs in support of their motion and rely solely on the uncertified police report which, on its own, is insufficient to establish prima facie entitlement to summary judgment (*see Torres v Kalloff*, 128 AD3d 1052 [2d Dept 2015] [holding that Plaintiff's submission of an uncertified police report to demonstrate the license plate number of the vehicle Plaintiff alleged was involved in the accident and then left the scene is inadmissible hearsay and does not satisfy Plaintiff's prima facie burden]; *see Narvaez v NYRAC*, 290 AD2d 400 [1st Dept 2002] [finding that a hearsay report of the offending vehicle's license plate number as the only evidence brought in opposition to Defendant's

159181/2021   KABA, IBRAHIMA BRICO ET AL vs. BOOKMAN, DAVID A ET AL                    Page 3 of 4
Motion No. 001

3 of 4

[* 3]

summary judgment motion is inadequate to survive summary judgment in absence of any admissible evidence linking Defendant and the vehicle]; *see also Rodriguez v Sit*, 169 AD3d 406 [1st Dept 2019]). Even if the Court found that Plaintiffs made a prima facie showing, Defendant raises an issue of fact sufficient to preclude summary judgment in Plaintiff's favor (*id.*). The motion is denied. Accordingly, it is

**ORDERED** that the motion by Plaintiffs for summary judgment on the issue of liability and dismissing Defendant's affirmative defense of culpable conduct is denied; and it is further

**ORDERED** that within 30 days of entry, Plaintiffs shall serve a copy of this Decision and Order upon Defendant with Notice of Entry.

This constitutes the Decision and Order of the Court.

_____7/25/2024_____
DATE

_____
JAMES G. CLYNES, J.S.C.

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**159181/2021  KABA, IBRAHIMA BRICO ET AL vs. BOOKMAN, DAVID A ET AL**
Motion No. 001

Page 4 of 4

[* 4]                                    4 of 4