Order, Supreme Court, New York County (Martin Shulman, J.), entered on or about January 26, 2011, which, to the extent appealed from as limited by the briefs, granted the motion of defendants the Comvest Group, Comvest Investment Partners, Cynergy Holdings LLC, Cynergy Data, LLC, and Cynergy Prosperity Plus, LLC, (collectively, Comvest) to dismiss the complaint as against them pursuant to CPLR 3211 (a) (7), unanimously affirmed, without costs. Order, same court and Justice, entered May 22, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiffs’ cross motion to enforce a conditional order, same court and Justice, entered April 22, 2011, inter alia, granting plaintiffs’ motion for sanctions pursuant to CPLR 3126 to the extent of ordering that if defendants Merchant Capital Portfolios, LLC and Merchant Processing Services Corp. (collectively, Merchant) failed to produce certain materials within 45 days of the issuance of the order, and plaintiffs moved on notice with an accompanying affirmation detailing Merchants default, then an order striking Merchant’s answer in its entirety would be entered, denied plaintiffs’ cross motion for a default judgment pursuant to CPLR 3215, and denied plaintiffs’ cross motion for sanctions pursuant to 22 NYCRR 130-1.1, unanimously modified, on the law, to enforce the conditional order and strike Merchant’s answer in its entirety, and otherwise affirmed, without costs.
Although Comvest did not serve its cross motion to dismiss within the time frame provided by CPLR 2215, such failure may be excused where, as here, plaintiffs have not shown prejudice resulting from the delay (see Walker v Metro-North Commuter R.R., 11 AD3d 339, 340 [1st Dept 2004]), and plaintiffs had sufficient opportunity to respond to Comvest’s arguments (Andejo *533 Corp. v South St. Seaport Ltd. Partnership, 40 AD3d 407, 408 [1st Dept 2007]).
Plaintiffs’ cross motion for a default judgment against Merchant pursuant to CPLR 3215 was appropriately denied, since the court had previously addressed Merchant’s untimely service and directed plaintiffs to accept the late answer, and plaintiffs did not take an appeal from such order.
However, the court erred, as a matter of law, in denying plaintiffs’ cross motion to enforce the conditional order striking Merchant’s answer since Merchant did not produce the specified materials within the identified time period, and did not establish both a reasonable excuse for its failure to timely produce the specified materials and the existence of a meritorious claim or defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]). In this context, where a conditional order had previously been entered based on the court’s findings that a party had caused delay and failed to comply with the court’s discovery orders, the court was not required to find that Merchant’s conduct in failing to comply with the conditional order was “willful” (id. at 82-83).
Alternatively, Merchant’s failure to timely comply with three court orders directing it to produce certain materials—one of which was a conditional order striking its answer if Merchant did not comply within 45 days—warrants an inference of willful noncompliance (see Perez v City of New York, 95 AD3d 675, 677 [1st Dept 2012], citing Bryant v New York City Hous. Auth., 69 AD3d 488 [1st Dept 2010]; Henry Rosenfeld, Inc. v Bower & Gardner, 161 AD2d 374, 375 [1990]). Concur—Friedman, J.P., Sweeny, Renwick, Freedman and Roman, JJ.