■ ROSEMARIE A. HERMAN et al., Respondents, et al., Plaintiffs, v JULIAN MAURICE HERMAN et al., Appellants, et al., Defendants. (And a Third-Party Action.) [41 NYS3d 19]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 2, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion to preclude defendant J. Maurice Herman (Maurice) from participating in the inquest to assess plaintiffs' damages against him, and denied Maurice's cross motion to preclude plaintiffs from offering certain evidence at the inquest, unanimously affirmed, with costs.

The court properly precluded Maurice from participating in the inquest due to his failure to comply with a conditional order that would preclude him if he did not timely produce properly redacted tax returns and certain communications, and due to his failure to establish any reasonable excuse for his noncompliance (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 80 [2010]; *Keller v Merchant Capital Portfolios, LLC*, 103 AD3d 532 [1st Dept 2013]; *see Settembrini v Settembrini*, 270 AD2d 408, 409 [2d Dept 2000]).

In addition to that order, the court, in a second conditional order and two more orders after that, gave Maurice additional

chances to avoid preclusion by fully complying with the original conditional order, which had itself granted a default judgment against Maurice because of his repeated failures to comply with earlier discovery orders. His failures to comply with each order, particularly regarding information the court had required not be redacted on his tax returns, unnecessarily protracted the discovery litigation.

A lesser sanction would not have deterred the continued violations, as the court in fact gave him a second, third, and fourth chance to comply with its order, by which time he still had not fully complied.

Although no finding of willfulness was required here, where a conditional order granting a default judgment against Maurice had issued based on his prior failure to comply with the court's discover orders (*see Herman v Herman*, 134 AD3d 442 [1st Dept 2015], *lv dismissed* 27 NY3d 973 [2016]), his failure to fully comply with four court orders directing him to produce certain documents warrants an inference of willful noncompliance (*Keller* at 533).

Finally, the court properly denied that part of Maurice's cross motion seeking to exclude from the inquest any evidence that postdates the 1998 transaction. In light of the default judgment against him, Maurice was liable on numerous claims in the complaint, including unjust enrichment and constructive trust, for which plaintiffs' damages may not be limited to out of pocket losses from the 1998 transaction at issue (*see Schatzki v Weiser Capital Mgt.*, 995 F Supp 2d 251, 253 [SD NY 2014], *affd* 623 Fed Appx 7 [2d Cir 2015]; *Simonds v Simonds*, 45 NY2d 233, 243 [1978]; *Collins Tuttle & Co. v Leucadia, Inc.*, 153 AD3d 526 [1st Dept 1989]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.