■ ROBIN B. VACA, Appellant, v VILLAGE VIEW HOUSING CORPORATION et al., Respondents-Appellants. (And a Third-Party Action.) [43 NYS3d 42]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered September 16, 2015, which granted plaintiff's motion to strike defendants' answers, and directed that the answers not be reinstated unless defendants respond to plaintiff's discovery demands, unanimously modified, on the facts, to grant plaintiff's motion unless, within 45 days after notice of entry of this order, defendants provide responsive discovery or an affidavit stating that a search has been conducted and the documents do not exist, and, as so modified, affirmed, without costs.

The motion court providently exercised its discretion in issuing a conditional order striking the answer after defendants failed to comply with numerous orders directing them to provide discovery or an affidavit stating that a search had been conducted and the documents did not exist (*see Jackson v City of New York*, 185 AD2d 768 [1st Dept 1992]). An order striking the answer without giving defendants another opportunity to "cure" their discovery deficiencies would have been inappropriate in light of plaintiff's own discovery deficiencies and failure to provide a proper good faith affirmation in compliance with 22 NYCRR 202.7 (*see DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581 [1st Dept 2011]; *see also Jackson v Hunter Roberts Constr. Group, L.L.C.*, 139 AD3d 429, 430 [1st Dept 2016]). However, the conditional order should provide that the motion is granted " 'unless' within a specified time the resisting party submits to the disclosure," and we modify solely to that effect (*Gibbs v St. Barnabas Hosp.*, 16 NY3d 74, 79 [2010]; CPLR 3126; *see also Keller v Merchant Capital Portfolios, LLC*, 103 AD3d 532 [1st Dept 2013]).

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.