Herman v Herman (2018 NY Slip Op 04104)





Herman v Herman


2018 NY Slip Op 04104


Decided on June 7, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2018

Renwick, J.P., Richter, Webber, Kern, Moulton, JJ.


6821 650205/11 950354/13

[*1]Rosemarie A. Herman, etc., et al., Plaintiffs-Respondents,
v
Julian Maurice Herman, et al., Defendants-Appellants, Michael Offit, et al., Defendants. [And a Third Party Action]


Akerman LLP, New York (M. Darren Traub of counsel), for appellants.
Jaspan Schlesinger, LLP, Garden City (Steve R. Schlesinger of counsel), for respondents.



Appeals from order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 2, 2017, which, insofar appealed from as limited by the briefs, confirmed the report of a special referee, and from order, same court and Justice, entered on or about September 26, 2017, which amended the decretal directive in the May order, deemed appeal from judgment, same court and Justice, entered September 26, 2017 (CPLR 5520[c]), (1) directing defendant Julian Maurice Herman (Maurice) to cause defendant Windsor Plaza, LLC, a Delaware limited liability company, to execute and record a deed conveying the real property located at 952 Fifth Avenue, New York, NY, to Maurice and Ariel E. Belen, as temporary trustee of the trust created by plaintiff Rosemarie A. Herman (plaintiff) on November 27, 1991 (the 1991 Trust), as tenants in common, (2) against Maurice in favor of the temporary trustee in the amount of $78,663,555.61, and (3) against Maurice in favor of plaintiff and Belen, as trustees of the Trust created by Harold Herman on March 1, 1990 (the 1990 Trust), in the amount of $24,973,652.83, and, so considered, said judgment unanimously affirmed, with costs.
Defendants-appellants' (hereinafter defendants) attempt to reargue liability issues — e.g., whether Maurice owed plaintiff a fiduciary duty and whether a conspiracy to commit fraud was established — is precluded by the default judgment against Maurice (see Herman v Herman, 134 AD3d 442 [1st Dept 2015]).
Defendants' argument that they were deprived of due process because they were not allowed to participate in the damages inquest is barred by Herman v Herman (30 NY3d 925, 926 [2017]).
Defendants contend that the proper measure of damages is the difference between $8 million (the price Maurice paid for the 1990 and 1991 Trusts' interests in six property-owning limited liability companies in December 1998) and the true value of said interests, not the profits the trusts would have received in 2002 if they had not sold their interests. This argument is unavailing. "The measure of damages for breach of fiduciary duty is the amount of loss sustained, including lost opportunities for profit on the properties by reason of the faithless fiduciary's conduct" (105 E. Second St. Assoc. v Bobrow, 175 AD2d 746, 746-747 [1st Dept 1991]; see also Matter of Rothko, 43 NY2d 305, 321 [1977]).
Moreover, Maurice previously moved "to exclude from the inquest any evidence that postdates the 1998 transaction" (Herman v Herman, 144 AD3d 433, 434 [1st Dept 2016], affd 30 NY3d 925 [2017]). We found that the IAS court properly denied that motion, stating, "In light of the default judgment against him, Maurice was liable on numerous claims in the complaint, including unjust enrichment and constructive trust, for which plaintiffs' damages may not be [*2]limited to out of pocket losses from the 1998 transaction" (id.). The Court of Appeals affirmed (see Herman, 30 NY3d at 926).
Plaintiff proved her damages. The case at bar is not like Paulson v Kotsilimbas (124 AD2d 513 [1st Dept 1986]), where the record was void as to whether testimony was taken at the inquest and where the record was barren of any evidence supporting the damages award (see id. at 514). Nor is the instant action like Wine Antiques v St. Paul Fire & Mar. Ins. Co. (40 AD2d 657 [1st Dept 1972], affd 34 NY2d 781 [1974]), where "[t]he testimony presented by plaintiff on the inquest was entirely conclusory" (id.). We decline to consider defendants' arguments that depend on materials that are either outside or not properly in the record (see People v Smith, 206 AD2d 102, 113 [1st Dept 1994], affd on other grounds 85 NY2d 1018 [1995]).
Defendants contend that instead of awarding plaintiff 50% of 952 Fifth Avenue, the court should have awarded her 50% of Windsor, the LLC that owns the building. They contend that unwinding the January 1, 1998 transaction by which the 1991 Trust conveyed its interest in 952 Fifth Avenue to Windsor violates the statute of limitations. The latter argument is barred by prior proceedings in this case. When the IAS court denied Maurice's motion to limit the evidence at the inquest, it stated that, as he had defaulted, he could "no longer contest liability, including a defense based on the statute of limitations" (Herman v Herman, 2016 NY Slip Op 30808[U], **5 [Sup Ct, NY County], affd 144 AD3d 433 [1st Dept 2016], affd 30 NY3d 925 [2017]). As for that portion of defendants' argument which is not barred by prior proceedings, it would be unjust to force plaintiff's trust to be a member of an LLC of which Maurice is the sole managing member. Plaintiff's expert stated that Maurice has paid personal expenses through Windsor's bank account. He also stated that, since 2003, Windsor's legal and professional expenses have far exceeded the industry norm; apparently, Windsor has been making payments pertaining to lawsuits unrelated to it.
Defendants' arguments regarding prejudgment interest are also unavailing. Plaintiff's failure to bring suit until January 2011, was due to Maurice and defendant Michael Offit's (the former trustee of the trusts, who was responsible for protecting plaintiff's interests) concealment of the 1998 and 2002 transactions. If this action has taken a long time to resolve, it is due in large part to Maurice (see e.g. Herman, 144 AD3d at 434).
Defendants claim the judgment is contradictory because it awards plaintiff both (1) 50% of 952 Fifth Avenue and (2) prejudgment interest based on Maurice's breach of the fiduciary duty he owed as managing member of Windsor, the LLC that owned that building. This is incorrect. The damages on which prejudgment interest runs do not include Windsor.
We decline to consider defendants' argument, made for the first time in their reply brief (see e.g. Shia v McFarlane, 46 AD3d 320, 321 [1st Dept 2007]), that (1) by ordering Windsor to transfer its only asset, the IAS court de facto dissolved it and (2) a New York court lacks the power to dissolve a Delaware entity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 7, 2018
CLERK