New York University, Petitioner-Landlord- Respondent, 
against
Laila Nabulsi, Respondent-Undertenant, Randall Wiltz, Respondent-Undertenant- Appellant, -and- "John Doe" and "Jane Doe," Respondents-Undertenants.



Respondent Randall Wiltz, as limited by his brief, appeals from (1) that portion of an order of the Civil Court of the City of New York, New York County (Michael L. Weisberg, J.), dated March 29, 2017, which granted petitioner's motion to strike his answer pursuant to CPLR 3126 and denied respondent's cross motion to dismiss the petition in a holdover summary proceeding; (2) an order of the same court (Maria Milin, J.), dated April 25, 2017, which, after an inquest, awarded petitioner a final judgment of possession with issuance of the warrant of eviction; (3) an order of the same court (Michael L. Weisberg, J.), dated August 14, 2017, which denied respondent's motion to renew or reargue the order of March 29, 2017; and (4) that portion of an order of the same court (Timmie Erin Elsner, J.), dated October 12, 2017, which denied respondent's motion to stay execution of the warrant of eviction and restore the case to the calendar.




Per Curiam.
Orders (Michael L. Weisberg, J.), dated March 29, 2017, (Maria Milin, J.), dated April 25, 2017, and (Timmie Erin Elsner, J.), dated October 12, 2017, affirmed, with one bill of $10 costs. Appeal from order (Michael L. Weisberg, J.), dated August 14, 2017, dismissed, without costs, as academic, with respect to renewal and as taken from a nonappealable order with respect to reargument.
Respondent Wiltz's noncompliance with prior court orders directing him to furnish documents and appear for a deposition with respect to his nontraditional family member succession defense culminated in a conditional order striking his answer unless he produced the [*2]requested documents and appeared for deposition within a specified period (see Vaca v Village View Hous. Corp., 145 AD3d 504, 505 [2016]). Upon respondent's noncompliance with this conditional order, Civil Court properly granted petitioner's motion to strike respondent's answer (see Anderson & Anderson LLP—Guangzhou v North Am. Foreign Trading Corp., 165 AD3d 511 [2018]). In this context, where a conditional order had previously been entered based on the court's findings that a party had caused delay and failed to comply with the court's discovery orders, the court was not required to find that respondent's conduct in failing to comply with the conditional order was willful (see Keller v. Merchant Capital Portfolios, LLC, 103 AD3d 532, 533 [2013]). 
Respondent also failed to demonstrate that he was entitled to relief from the conditional order. His proffered medical excuse for failing to appear for deposition was unsubstantiated (see Ramos v Stern, 100 AD3d 409, 410 [2012]), and, in any event, does not excuse his noncompliance with the other portions of the conditional order concerning production of documentary materials. Respondent also failed to demonstrate the existence of a meritorious succession defense (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; Vasquez v Lambert Houses Redevelopment Co., 110 AD3d 450 [2013]). His allegations regarding his co-occupancy of the apartment with the now-deceased tenant are vague and are contradicted by documentary evidence indicating that tenant resided elsewhere for several years prior to her death. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 31, 2018