Almonte v KSI Trading Corp. (2019 NY Slip Op 04301)





Almonte v KSI Trading Corp.


2019 NY Slip Op 04301


Decided on May 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2019

Sweeny, J.P., Renwick, Manzanet-Daniels, Tom, Oing, JJ.


301915/14 9511N 9510

[*1] Fausto Espinosa Almonte, Plaintiff-Appellant,
v
KSI Trading Corporation, et al., Defendants-Respondents.


Pollack Pollack Isaac & DeCicco, New York (Brian J. Isaac of counsel), for appellant.
Law Office of Brian Rayhill, Elmsford (David M. Heller of counsel), for respondents.



Orders, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about September 8, 2017, and on or about December 5, 2018, which, respectively, granted defendants' motion to strike the complaint for failure to produce plaintiff for deposition, or in the alternative, to preclude plaintiff from testifying at trial as to each and every item of damages set forth in the bill of particulars, unless plaintiff was made available for deposition on or before February 28, 2018, and denied plaintiff's motion to vacate the September 8, 2017 order, unanimously affirmed, without costs.
Plaintiff commenced this action on or March 25, 2014. He was subsequently incarcerated. Pursuant to a October 14, 2014 compliance conference order, plaintiff was to be deposed on December 12, 2014. A second compliance conference order, dated December 1, 2015, directed plaintiff's deposition to be held on or before February 2, 2016, at the location of plaintiff's incarceration. Over a year later, plaintiff was not deposed, and defendants moved to strike the complaint, or in the alternative, preclude plaintiff form testifying at trial as to each and every item of damages set forth in his bill of particulars. Defendants also noted that plaintiff's counsel had advised them that plaintiff was incarcerated in Brooklyn, New York, but through defendants' own investigation, they discovered that plaintiff was incarcerated in Miami, Florida. The court providently exercised its discretion in issuing a conditional order striking plaintiff's complaint for failure to produce plaintiff for deposition, or in the alternative, to preclude plaintiff from testifying at trial, unless plaintiff was produced by a certain time, based on plaintiff's failure to comply with the discovery orders (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 79 [2010]; Vaca v Village View Hous. Corp., 145 AD3d 504, 505 [1st Dept 2016]).
On January 31, 2018, the parties entered into a stipulation agreeing that plaintiff's deposition was to be conducted on or about March 31, 2018, due to plaintiff's counsel's representation that plaintiff would be transferred from the Florida facility to either a New York or New Jersey facility. Plaintiff then moved on March 28, 2018 to vacate the court's conditional order, on the ground that instead of being transferred to New York or New Jersey, plaintiff was transferred to Oklahoma. Counsel did not demonstrate that he attempted to make plaintiff available to defendants, why plaintiff was unable to be deposed, and failed to adequately address his misrepresentation to defendants that plaintiff would be transferred to either New York or New Jersey. Accordingly, the court properly granted defendants' motion pursuant to CPLR 3126, since plaintiff's continued pattern of noncompliance with court orders warranted an [*2]inference of willful noncompliance (see Perez v City of New York, 95 AD3d 675, 677 [1st Dept 2012]; Bryant v New York City Hous. Auth., 69 AD3d 488, 489 [1st Dept 2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 30, 2019
CLERK