630 W. 52nd LLC v Fresh Inventory Servs., LLC (2025 NY Slip Op 00017)

630 W. 52nd LLC v Fresh Inventory Servs., LLC

2025 NY Slip Op 00017

Decided on January 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 02, 2025

Before: Kern, J.P., Kennedy, Gesmer, Higgitt, Michael, JJ. 

Index No. 653016/22 Appeal No. 3374 Case No. 2024-02143 

[*1]630 West 52nd LLC, Plaintiff-Appellant,
v
Fresh Inventory Services, LLC, Defendant-Respondent.

Meister Seelig & Fein PLLC, New York (Howard S. Koh of counsel), for appellant.
Hunton Andrews Kurth LLP, New York (Patrick L. Robson), for respondent.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered March 20, 2024, which granted defendant's motion to enforce a conditional order dated January 16, 2024 and to dismiss the complaint with prejudice, and denied plaintiff's cross-motion to vacate the conditional order, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in dismissing the complaint and denying plaintiff's cross-motion to vacate (CPLR 3126). We reject plaintiff's assertion that Supreme Court abused its discretion in requiring plaintiff to submit a Jackson affidavit (see Jackson v City of New York, 185 AD2d 768, 770 [1st Dept 1992]), as plaintiff's initial response to defendant's discovery requests was wholly inadequate and deposition testimony of its sole member revealed its first Jackson affidavit to be false. Indeed, plaintiff initially claimed that the documents sought were unavailable, yet later produced more than 1,000 pages of responsive documents. Furthermore, plaintiff agreed in two separate stipulations that it would provide a Jackson affidavit (see Tepper v Tannenbaum, 83 AD2d 541, 541 [1st Dept 1981]).
In light of the conditional order, we also reject plaintiff's argument that the court should have considered prejudice and willfulness (see Keller v Merchant Capital Portfolios, LLC, 103 AD3d 532, 533 [1st Dept 2013]; Diaz v Maygina Realty LLC, 181 AD3d 478, 479 [1st Dept 2020]). The conditional order stated that the complaint would be dismissed if plaintiff did not produce all outstanding documents along with a Jackson affidavit by January 19, 2024, and plaintiff only belatedly submitted a new affidavit and responsive documents. Given plaintiff's failure to timely produce documents — a repeated pattern by plaintiff in this action — it was obligated to demonstrate a reasonable excuse for its failure to comply with discovery obligations, yet failed to do so (see Keller, 103 AD3d at 533; Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 222 [1st Dept 2010]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 2, 2025