**Holder v New York City Tr. Auth.**

2025 NY Slip Op 30596(U)

February 20, 2025

Supreme Court, New York County

Docket Number: Index No. 159630/2022

Judge: Richard Tsai

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. RICHARD TSAI** | **PART** 21 |
| | *Justice* | |

-------------------------------------------------------------------------------X

DAVID HOLDER,

Plaintiff,

- v -

NEW YORK CITY TRANSIT AUTHORITY and DAMIAN G. GOLDEN,

Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159630/2022 |
| **MOTION DATE** | 08/16/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 24-75, 88

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this action, plaintiff David Holder alleges that, on February 5, 2022 at approximately 1:25 p.m., he was driving his vehicle southbound on Lenox Avenue between 144th Street and 145th Street, when his vehicle was struck by a bus operated by defendant Damian G. Golden and owned by defendant New York City Transit Authority (NYCTA) (defendant's exhibit C [NYSCEF Doc. No. 50], bill of particulars ¶¶ 4-5, 10).

On this order to show cause, defendants move: (1) to vacate this court's status conference order of June 13, 2024 (defendants' exhibit H [NYSCEF Doc. No. 55]); (2) to vacate the note of issue filed by plaintiff on July 31, 2024 (defendants' exhibit I [NYSCEF Doc. No. 56]); (3) to compel plaintiff to submit to a physical examination; and (4) "for whatever and different relief this court deems just and proper" (OSC [NYSCEF Doc. No. 45]).  Plaintiff opposes the order to show cause.

## BACKGROUND

On June 13, 2024, this court issued a status conference order which stated in relevant part:

"Δ [Defendant] EBT oob [on or before] 7/16/24
\* \* \*
Δ to designate for IME w/in 30 days. IME to be held w/in 45 days of designation. Report to be served w/in 45 days of exam.
\* \* \*

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**        **Page 1 of 9**
**Motion No.  001**

[\* 1]

Plaintiff's application for an order of preclusion due to defendants' failure to appear for EBTs is GRANTED over defendants' objection, and if defendants do not appear for their EBTs on or before 7/16/24, then defendants are precluded from testifying at trial.

Defendants failed to appear for EBTs as required by two prior court orders dated 10/13/23 and 4/4/24. Defendants' counsel's explanation that the previously scheduled EBT was scheduled on the deponent's regular day off is not a persuasive excuse for noncompliance, as there appears to be no effort to confirm the witness's availability prior to the scheduled date. The 2 prior instances plus noncompliance with this order, would be sufficient to establish a pattern of noncompliance from which willfulness can be inferred"

(defendants' exhibit F [NYSCEF Doc. No. 55], June 13, 2024 status conference order).

On this motion, there is no dispute that Golden was scheduled to be deposed on July 16, 2024 at 2:00 PM via Zoom.

According to defendants' counsel—who was also the attorney assigned to handle Golden's deposition—Golden was given "a note on NYCTA letterhead advising him to 'Report To The Legal Dept.' at 854 Third Ave. NYC, 11th floor" (affirmation in support of OSC [NYSCEF Doc. No. 25] ¶ 18). As defendants' counsel candidly points out, the note does not mention either the name of law firm of defendants' counsel or the phone number of law firm (*see* defendants' exhibit L in support of motion [NYSCEF Doc. No. 59]). However, in an email sent July 12, 2024, defendants' counsel had asked to confirm Golden's appearance for the deposition, and the email contained the name, address, and phone number of law firm of defendants' counsel, including a direct dial and cell phone number (*see* defendants' exhibit D in reply [NYSCEF Doc. No 75])

Golden avers that, on the day before his deposition, "I was instructed by my commander that on July 16, 2024 at 1:00 PM I was to appear for a deposition at 845 Third Avenue, New York, N.Y. I was not given the name of any person and/or law firm. I was told I was going to the MTA" (defendants' exhibit M [NYSCEF Doc. No. 60] Golden affirmation ¶ 4).

Golden avers that "[o]n July 16, 2024, at approximately 12:50 AM [sic], I presented to the security guard in the lobby at 845 Third Avenue, New York, N.Y. and advised I was there for the MTA" and was informed by the security guard "that MTA was not located there" (*id*. ¶¶ 5-6). Golden avers that he "immediately, thereafter, telephoned the depot in an effort to confirm where I was to be as well as the phone number on the MTA paper with the address that I had been given the day before" but that his calls were not answered (*id*. ¶ 7).

Golden avers that he then got on a train to Third Avenue in the Bronx because "I thought perhaps I was at the wrong location and where I needed to be was 845 Third

[* 2]

Ave. in the Bronx" (*id.* ¶¶ 8-9). Golden avers that, when he arrived in the Bronx, he was unable able to find an address for 845 Third Ave., so he "took the train back into Manhattan with the intention of going to the bus depot on E. 99th Street" (*id.* ¶ 9). Golden avers that, on his way back to the depot, "at approximately 3:23 PM I received a telephone call from my general (supervisor) advising that I was to go back to 845 Third Ave. in Manhattan" (*id.* ¶ 10). Golden avers that when he arrived back at 845 Third Ave. in Manhattan, the security guard "was again ready to turn me away but I saw my name on a Post-it on his desk", and the guard directed him to the 11th Floor where he met defendants' counsel (*id.* ¶ 11).

Defendants' counsel avers that her office "confirmed" Golden's appearance for 1:00 p.m. on July 16, 2024—i.e. for him to appear one hour before the scheduled start time of the deposition—and that "as per building rules" her assistant notified building security to expect Golden (affirmation of defendants' counsel ¶ 17). Defendants' counsel avers that when Golden did not appear at her office, as scheduled, she attempted to "contact NYCTA via telephone and email to find out where Mr. Golden was" (*id.* ¶ 19). Defendants counsel avers that, at approximately 2:00 p.m., plaintiff's counsel appeared on Zoom with a court reporter, and she advised plaintiff's counsel that Golden had not appeared at her office, and plaintiff's counsel "placed a statement on the record" (*id.*).

Defendants' counsel further avers that, at approximately 3:20 p.m., Golden appeared at her office and she attempted to contact plaintiff's counsel to proceed with the deposition (*id.* ¶ 20). Defendants' counsel avers that when she was finally able to reach plaintiff's counsel, plaintiff's counsel "would not agree and suggested that I contact the court" (*id.* ¶ 21).

In opposition to this motion, plaintiff's counsel annexes an email from defendants' counsel bearing a time stamp of 4:02 p.m. on July 16, 2024, wherein defendants' counsel writes, "Please call me. I just spoke to Joanne. Witness is at my office. Long story. He was here on time" (plaintiff's exhibit B [NYSCEF Doc. No. 68], 4:02 p.m. email). Plaintiff's counsel avers that, at such time, "it was too late to order a new reporter, no less take a deposition" (affirmation in opposition to OSC ¶ 12 [NYSCEF Doc. No. 66]).

Meanwhile, on July 31, 2024, plaintiff's counsel e-filed a note of issue, which in relevant part stated that the "physical examination" was "waived" (defendants' exhibit I [NYSCEF Doc. No. 34]). On this order to show cause, defendants' counsel argues that that note of issue "falsely states" that the physical examination of plaintiff was waived (affirmation in support of OSC ¶ 39). Defendants' counsel avers that plaintiff's physical examination was designated by a letter dated July 3, 2024, annexed as exhibit P, which was "sent by mail and facsimile annexed hereto" (*id.*; see also defendants' exhibit P [NYSCEF Doc. No. 63], July 3, 2024 letter). Defendants counsel points out that, per the June 13, 2024 status conference order, defendants had 30 days from June 13, 2024 to designate the physical examination, and then 45 days after designation to perform the physical examination.

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                    **Page 3 of 9**
**Motion No.  001**

3 of 9

[* 3]

In opposition, plaintiff's counsel asserts that he never received the July 3, 2024 letter (affirmation in opposition ¶ 23). Plaintiff's counsel further asserts that defendants counsel never mentioned the July 3, 2024 letter when defendants' counsel emailed him on August 14, 2024 informing plaintiff's counsel that a different designation letter, dated August 5, 2024, "was inadvertently mailed to your firm's old address" (*id.*; defendants' exhibit Q [NYSCEF Doc. No. 64] August 5, 2024 letter; defendants' exhibit R [NYSCEF Doc. No. 65] August 14, 2024 letter). Plaintiff's counsel asserts that, prior to the June 13, 2024 status conference order, defendants had failed to designate plaintiff's physical examination in violation of three conference orders (affirmation in opposition ¶¶ 16-18).

## DISCUSSION

### I.  Branch of OSC Seeking Relief from Conditional Order

"CPLR 3126 authorizes trial courts to craft self-executing orders that impose discovery sanctions on a party unless that party submits to the disclosure within a specified time. Conditional orders become 'absolute' upon failure to fully comply therewith" (*Citizen Watch Co. of Am., Inc. v Zapco 1500 Inv., L.P.*, 216 AD3d 562, 562 [1st Dept 2023]).

> "To obtain relief from the dictates of a conditional order that will preclude a party from submitting evidence in support of a claim or defense, the defaulting party must demonstrate (1) a reasonable excuse for the failure to produce the [witness] and (2) the existence of a meritorious claim or defense" (*Gibbs v St. Barnabas Hosp.,* 16 NY3d 74, 80 [2010]; *Scholem v Acadia Realty Ltd. Partnership*, 144 AD3d 1012, 1013 [2d Dept 2016]).

### A.  Reasonable Excuse

Here, there is no dispute that this court issued a conditional order directing that "if defendants do not appear for their EBTs on or before 7/16/24, then defendants are precluded from testifying at trial" (June 13, 2024 status conference order). Similarly, there is no dispute that Golden "fail[ed] to timely appear on July 16, 2024" (affirmation in reply [NYSCEF Doc. No. 71] ¶ 9).

Rather, on this order to show cause, defendants argue that there was a reasonable excuse for their failure to comply, in that Golden's failure to timely appear "was an unforeseeable unfortunate event" and that Golden undertook "extraordinary efforts . . . to timely appear for his deposition, a day of sweltering temperatures. He did not blow off his appearance but tried to the best of his ability to go to where he had been instructed to go" (*id.* ¶ 8). Defendants' counsel argues that, in addition to Golden's efforts, she herself "contacted the assigned person at NYCTA who acts as an intermediary between your affirmant and the specific department/bus depot to arrange for the appearance of a witness for deposition" (*id.* ¶ 7) and that her assistant notified building security that it was expecting Golden (affirmation in support ¶ 17).

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**  **Page 4 of 9**
**Motion No.  001**

4 of 9

[* 4]

In opposition, plaintiff argues that defendants do not have a reasonable excuse because defendants "waited until the very last day set forth in the order before attempting to appear for his examination (almost guaranteeing that whatever could go wrong would go wrong)" (affirmation in opposition to OSC ¶ 10). Plaintiff asserts that defendants fail to "offer any explanation as to why defendant Golden was not given the name of the law firm at which he would be appearing or even its phone number so that he could contact them" (*id.*)

In reply, defendants' counsel asserts that she "does not know why Mr. Golden was not provided with the name of your affirmant and/or her law firm other than perhaps a lack of understanding by Mr. Golden's supervisor at the depot on where he was supposed to instruct Mr. Golden to go to appear at 'Legal Dept.'" (affirmation in reply ¶ 7).

The court agrees with defendants that Golden himself made reasonable efforts to appear for his deposition, and he cannot *personally* be faulted for his failure to timely appear. Likewise, this court has no reason to doubt defendants' counsel's sworn averment that she provided "the intermediary" at NYCTA with all of the appropriate information to facilitate Golden's timely appearance for his deposition, including her name, her firm's name, and the phone number for her firm (affirmation of defendants' counsel in reply ¶ 7).

However, while defendant's counsel argues that Golden's efforts to appear for his deposition establish that his "failure to timely appear for his deposition on July 16, 2024, was wholly unintentional and in no way contumacious or in willful disregard of this Court's Order" (affirmation in support of OSC ¶ 32), the Court of Appeals has rejected the premise that a conditional preclusion order should not be enforced because party's conduct "during the discovery process was not 'willful'" (*Gibbs*, 16 NY3d at 82 [noting that, once a court issues a conditional order, "the court relieves itself of the unrewarding inquiry into whether a party's resistance was willful"]; *see also 630 W. 52nd LLC v Fresh Inventory Services, LLC*, — AD3d —, 2025 NY Slip Op 00017 [1st Dept 2025] ["In light of the conditional order, we also reject plaintiff's argument that the court should have considered prejudice and willfulness"]). Rather, the relevant inquiry is whether defendants have a reasonable excuse for failing to comply with this court's conditional order and, if so, whether they have presented a potentially meritorious defense (*id.* at 80).

Here, the court disagrees with defendants' counsel's assertion that Golden's failure to timely appear for his deposition was "an unforeseeable unfortunate event" (affirmation in reply ¶ 8).

First, the person whom defendants' counsel had contacted at the NYCTA did not provide Golden with the contact information of the law firm of plaintiff's counsel. Had Golden been provided with that contact information, Golden could have given the name of the law firm to the lobby security guard to show that he had arrived at the correct

location. Alternatively, Golden could have called defendants' counsel directly once the lobby security guard had denied him entry.

While the NYCTA's failure to communicate with its employee and co-defendant Golden on a single occasion would be deemed a reasonable excuse for non-compliance, in this case, there have been multiple failures of communication. On two prior occasions, various unnamed "contact persons" between Golden and defendants' counsel—individuals who have not put in affirmations or been identified on this motion—failed to check that Golden's deposition was scheduled on a day that he could attend.

On the most recent occasion, Golden's contact person(s) failed to provide him with the names of the lawyer and law firm that would be representing him in his deposition, and did not supply him with any phone numbers or emails for contacts at the respective firm. Rather, Golden was merely told to "Report to Legal Department" at an address that he would later be turned away from because, as the security guard there explained to him, the NYCTA did not have any presence in that building.

When Golden attempted to contact his depot "as well as the phone number on the MTA paper" (Golden affirmation ¶ 7), no one answered his call. Given that, as plaintiff's counsel points out, defendants "waited until the very last day" to attempt compliance with the conditional order of preclusion, it is unreasonable that Golden was not provided any contact information for his lawyer or that his points of contact were unable to assist him when he called. Given the high stakes that defendants were facing an order of conditional preclusion if Golden failed to appear for his deposition, it is puzzling that the NYCTA did not take the additional step of providing Golden with basic contact information for the law firm of defendants' counsel, when this information was readily available to the NYCTA.

In attempting to provide a reasonable excuse for their failure to comply, it can hardly be said that defendants have provided this court with "a detailed and credible explanation" for how the above failures in communication occurred (*Scholem*, 144 AD3d at 1013). Rather, defendants' counsel admits that she "does not know why Mr. Golden was not provided with the name of your affirmant and/or her law firm" and speculates that it was due to "perhaps a lack of understanding by Mr. Golden's supervisor at the depot" (affirmation of defendants' counsel in reply ¶ 7).

On numerous occasions, the Court of Appeals has "reiterate[d] that litigation cannot be conducted efficiently if deadlines are not taken seriously, and . . . that disregard of deadlines should not and will not be tolerated" (*Gibbs*, 16 NY3d at 83 [internal quotation marks and emendation omitted]). Given the lack of explanation as to why the NYCTA did not provide Golden with the name of the law firm and basic contact information of defendants' counsel, the court is left with the impression that defendants have not taken seriously the deadlines set for holding their depositions (*see Mehta v Chugh*, 99 AD3d 439 [1st Dept 2012]).

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**                                      **Page 6 of 9**
**Motion No.  001**

6 of 9

[* 6]

In her reply affirmation, defendants' counsel appears to argue that plaintiff's counsel was "attempting to take advantage of a situation" by refusing to reschedule Golden's deposition after he belatedly appeared in her office (affirmation in reply ¶ 9). The court rejects this argument. By defendants' counsel's own admission, Golden did not appear in defendants' counsel's office until 3:20 PM, roughly 1 hour and 20 minutes past the scheduled start time (affirmation in support of OSC ¶ 20). Given such, as well as defendants' past non-compliance, plaintiff's counsel was not required to further accommodate defendants (*see Mohel v Gavriel Plaza, Inc.*, 123 AD3d 464, 465 [1st Dept 2014]).

Given the above, the court cannot credit defendants with having a reasonable excuse for failing to comply with the conditional order of preclusion in this court's June 13, 2024 status conference order.

### B. Meritorious Defense

Even if this court were to find that defendants had a reasonable excuse, this court would not find that defendants have a "potentially meritorious defense" (*Perez v 1790-1792 Third Ave. LLC*, 211 AD3d 492, 493 [1st Dept 2022]).

On this order to show cause, defendants do not submit any affidavit from Golden concerning his operation of the bus that made contact with plaintiff's vehicle. Instead, defendants rely upon an MV104 report of the accident that Golden completed, and the NYCTA Supervisor's Accident/Investigation Report (affirmation in support of OSC ¶ 33). In section 4 of the MV104 report in response to the question "How did the accident happen?", the following is written: "After servicing stop 1 merged into left lane around standing vehicle when Vehicle $2 made contact with bus left side" (defendants' exhibit K [NYSCEF Doc. No. 58], MV01 report). The NYCTA Supervisor's Accident/Investigation Report states in relevant part:

> "Interviewed Driver & stated he was coming of 145th Bridge on Manhattan
> Side made Lt onto Lenox Ave in Left Lane – saw bus moving to Left Lane
> due to car blocking bus. Then my car made contact with buses [sic] mirror
> & Front Bumper, Driver & Passenger were not injured or claimed Injury.
> No witness to Interview – NO customers claiming Injury"

(defendants' exhibit O [NYSCEF Doc. No. 62] at 2 of 5).

In opposition, plaintiff argues that the above evidence is not admissible. Further, plaintiff submits video footage—apparently from the bus—that plaintiff asserts "clearly shows the bus striking the right rear quarter panel of plaintiff's vehicle when it tried to merge into the lane in which plaintiff's vehicle was traveling and when it was not safe to do so" (affirmation in opposition to OSC ¶ 13).

Preliminarily, the court notes that no foundation was laid for the "authenticity and genuineness" of the MV104 report, The NYCTA Supervisor's Accident/Investigation

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No. 001**

Page 7 of 9

Report, or the bus video footage that plaintiff submitted (*Young v Crescent Coffee, Inc.*, 222 AD3d 704 [2d Dept 2023]).

In addition, in defendants' counsel's reply affirmation, no argument was made to establish why the MV104 report and the NYCTA Supervisor's Accident/Investigation Report met exceptions to the rule against hearsay (*Kamenov v N. Assur. Co. of Am.*, 259 AD2d 958, 959 [4th Dept 1999] ["Double hearsay is admissible only if each hearsay statement falls within an exception to the hearsay rule"]). Golden's statement in the MV-104 report is also unsworn. Thus, defendants have also failed to establish a potentially meritorious defense.

Because defendants did not establish a reasonable excuse or potentially meritorious defense, the branch of defendants' motion to vacate the June 13, 2024 conditional order is denied.

## II.     Branch of Motion to Vacate the Note of Issue

"Where a party moves to vacate a note of issue, the only showing necessary on the motion is that a material fact in the certificate of readiness is incorrect, or that the certificate of readiness fails to comply with the requirements of section 202.21 in some material respect" (*Sky Coverage Inc. v Alwex Inc.*, 202 AD3d 454 [1st Dept 2022] [internal quotation marks and emendation omitted]).

The July 3, 2024 letter, which designated plaintiff's physical examination, would undermine plaintiff's argument of waiver if the letter was, in fact, timely sent.  To obviate the necessity of a hearing as to whether the letter was sent, the court opts instead to permit the case to remain on the trial calendar while allowing defendants a final opportunity to conduct the physical examination (*Pickering v Union 15 Rest. Corp.*, 107 AD3d 450, 451 [1st Dept 2013]).

Thus, within thirty (30) days of being served with a copy of this decision and order with notice of entry, defendants must designate plaintiff's physical examination; within forty-five (45) days of designation, defendants must hold plaintiff's physical examination; and within forty-five (45) days of the physical examination, defendants must exchange the examination report.  If defendants' fail to timely comply with the above, their right to conduct such physical examination is deemed waived.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the motion, by order to show cause, by defendants Damian G. Golden (Golden) and the New York City Transit Authority (NYCTA) seeking (1) to vacate this court's status conference order of June 13, 2024 (defendants' exhibit H [NYSCEF Doc. No. 55]); vacate the note of issue filed by plaintiff on July 31, 2024 (defendants' exhibit I [NYSCEF Doc. No. 56]); (3) to compel plaintiff to submit to a physical examination; and (4) "for whatever and different relief this court deems just and proper" (OSC [NYSCEF Doc. No. 45) is **GRANTED TO THE EXTENT**

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

Page 8 of 9

8 of 9

that, within thirty (30) days of being served with a copy of this decision and order with notice of entry, defendants must designate plaintiff's physical examination; within forty-five (45) days of designation, defendants must hold plaintiff's physical examination; and within forty-five (45) days of the physical examination, defendants must exchange the examination report; and it is further

**ORDERED** that, if defendants do not timely proceed with plaintiff's physical examination pursuant to the above requirements, then their right to conduct such physical examination is deemed waived; and it is further

**ORDERED** that the remainder of defendants' motion is denied.

This constitutes the decision and order of the court.

20250220181450RTSAI913E50D64D2D4285AE32964B5DC1772D

| 2/20/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **RICHARD TSAI, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | GRANTED | | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159630/2022   HOLDER, DAVID vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

**Page 9 of 9**

9 of 9